1    JONES DAY
     Liat Yamini (State Bar No. 251238)
2    lyamini@jonesday.com
     JONES DAY
3    555 South Flower Street, Fiftieth Floor
     Los Angeles, California 90071
4    Telephone:    +1.213.489.3939
     Facsimile:     +1.213.243.2539
5
     Erin McMahon (State Bar No. 339474)
6    emcmahon@jonesday.com
     555 California Street, 26th Floor
7    San Francisco, California  94104
     Telephone:    +1.415.626.3939
8    Facsimile:     +1.415.875.5700

9
     *Attorneys for Defendant*
10   VERILY LIFE SCIENCES LLC

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

14   RYAN SLOAN,                        | Case No. 24-cv-07516-EMC

15                 Plaintiff,           | **STATEMENT OF VERILY LIFE
                                        | SCIENCES LLC IN RESPONSE TO
16          v.                          | PLAINTIFF'S MOTION FOR
                                        | ADMINISTRATIVE RELIEF TO SEAL
17   VERILY LIFE SCIENCES, LLC, a Delaware | PORTIONS OF FIRST AMENDED
18   Limited liability company,         | COMPLAINT AND DKT. NO. 1

19                 Defendant.

20

21

22

23

24

25

26

27

28

STATEMENT OF VERILY LIFE SCIENCES LLC ISO MOTION TO SEAL

1    Pursuant to Civil Local Rule 79-5(f)(3), Defendant Verily Life Sciences LLC ("Verily")[1]

2   respectfully submits this Statement in response to Plaintiff Ryan Sloan's Motion for

3   Administrative Relief to Seal Portions of First Amended Complaint and Dkt. No. 1 (ECF No. 13)

4   ("Administrative Motion").[2]  For the reasons outlined below, and as supported by the

5   concurrently-filed Declarations of Liat L. Yamini ("Yamini Decl.") and Kelly Love ("Love

6   Decl."), the portions of Plaintiff's first amended complaint identified in the Administrative

7   Motion contain privileged and confidential information, and should remain sealed.  For the same

8   reasons, Plaintiff's originally-filed complaint (Dkt. 1), which is now superseded by his First

9   Amended Complaint, should also be sealed.

10    As an initial matter, Plaintiff erroneously states Verily's deadline.  Plaintiff cites Civil

11   Local Rule 7-11 and the four-day deadline to respond to administrative motions.  However, the

12   applicable rule is Civil Local Rule 79-5(f), because Plaintiff submitted a motion to seal based on

13   Verily's designation of privileged and confidential information.  Verily therefore has seven days

14   to file its Statement to support sealing.  Civ. L.R. 79-5(f)(3).[3]

15   **I.    BACKGROUND**

16    On October 29, 2024, Plaintiff initiated this suit against Verily alleging Verily retaliated

17   against him for whistleblowing and taking medical leave.  Plaintiff's complaint and first amended

18   complaint contain privileged and confidential information of Verily.  On December 17, 2024,

19   Jones Day was retained by Verily in this matter.  Yamini Decl. ¶ 2.  On that same day, Jones Day

20   contacted Plaintiff's counsel to explain that Verily did not consent to the filing of the first

21   amended complaint ("FAC"), because of concerns that the FAC contained confidential and

22   attorney-client privileged information.  *Id.*  Counsel for both parties then discussed the issue over

23   the phone.  *Id.* ¶ 3.  Defense counsel offered an extension on Plaintiff's filing of the FAC so the

24

25   [1]  Plaintiff has wrongfully named "Verily Life Sciences, LLC."  The appropriate entity name is "Verily Life Sciences LLC."

26   [2]  Verily contests that this court has jurisdiction over this dispute, and reserves its rights to file a motion at the appropriate time contesting jurisdiction.  By filing this submission, Verily is by no means waiving its jurisdiction-based arguments.

27   [3]  The seven-day deadline falls on December 25, 2024, and because that is a Court holiday, Verily may file on December 26, 2024.  Fed. R. Civ. P. 6(a)(1)(C).  Nevertheless, out of an abundance of caution, Verily now submits its statement.

28

STATEMENT OF VERILY LIFE SCIENCES LLC ISO MOTION TO SEAL

1  parties could continue to discuss sealing certain portions of the document.  *Id.*  Defense counsel

2  emphasized that Verily did not intend to eviscerate Plaintiff's factual allegations, but instead

3  sought to protect Verily's confidential and privileged information.  *Id.*  Verily offered to not file a

4  motion to dismiss for failure to state a claim if Plaintiff agreed to seal the confidential and

5  privileged portions of the FAC.  *Id.*  Nevertheless, Plaintiff's counsel insisted on filing the FAC

6  on December 18, 2024, while contesting the sealing of the identified portions of the FAC.

7  **II.    LEGAL STANDARD**

8      When considering whether to seal portions of a complaint, courts apply a "compelling

9  reasons" standard*.  See, e.g.*, *Schwartz v. Cook*, No. 5:15-CV-03347-BLF, 2016 WL 1301186, at

10  *1 (N.D. Cal. Apr. 4, 2016).  The "party seeking to seal judicial records must show that

11  'compelling reasons supported by specific factual findings . . . outweigh the general history of

12  access and the public policies favoring disclosure.'"  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d

13  665, 678 (9th Cir. 2014) (alteration in original) (quoting *Kamakana v. City and Cnty. of*

14  *Honolulu*, 447 F.3d 1172, 1178−79 (9th Cir. 2006)).  Courts weigh several factors during the

15  "compelling reasons" inquiry, including the "public interest in understanding the judicial process

16  and whether disclosure of the material could result in improper use of the material for scandalous

17  or libelous purposes or infringement upon trade secrets."  *Id.* at 679 n. 6 (quotation omitted).

18  "'[T]he right to inspect and copy judicial records is not absolute,' and, in particular, 'the

19  common-law right of inspection has bowed before the power of a court to insure that its records

20  are not used . . . as sources of business information that might harm a litigant's competitive

21  standing.'"  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (second alteration in

22  original) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

23      Courts have consistently recognized that attorney-client privilege and the work product

24  doctrine are compelling reasons to grant a motion to seal.  *See, e.g.*, *Adtrader, Inc. v. Google*

25  *LLC,* No. 17-CV-07082-BLF, 2020 WL 6389186, at *1 (N.D. Cal. Feb. 24, 2020); *Fed. Trade*

26  *Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May

27  22, 2018).  Compelling reasons also include the need to protect a company's confidential business

28  information.  *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 13-CV-00457-JST, 2015 WL

4511036, at \*2 (N.D. Cal. July 23, 2015); *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2014 WL 1995548, at \*4 (N.D. Cal. May 15, 2014).

**III.    COMPELLING REASONS EXIST TO SEAL THE IDENTIFIED PORTIONS OF THE FAC; THE IDENTIFIED PORTIONS OF THE FAC MUST REMAIN SEALED BECAUSE THEY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION.**

**A.    The FAC contains materials protected by attorney-client privilege and the work product doctrine.**

As discussed above, "[c]ourts in this Circuit have found that there is a compelling reason to seal documents protected by attorney-client privilege or the work product doctrine." *Adtrader, Inc.*, 2020 WL 6389186, at \*1;  *In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017) (affirming sealing decision where "the documents at issue included . . . material protected by the attorney-client privilege and the work product doctrine"); *Guidiville Rancheria of Cal. v. United States*, No. 12-CV-01326-YGR, 2013 WL 6571945, at \*9 (N.D. Cal. Dec. 13, 2013) ("The document is covered by the attorney-client privilege, which establishes compelling reasons for sealing it from the public record.").

Here, portions of the FAC (as identified in the Administrative Motion and set forth below) are protected by both attorney-client privilege and the work product doctrine.  The FAC reveals information from an internal investigation conducted solely by Verily's legal department to assess "(1) whether [Verily's] existing business contracts allowed it to use certain data for research publication; and (2) whether [Verily] could expand data usage rights under its business associate agreements, and what additional data usage rights should be requested."  Love Decl. ¶ 6.  The result of that investigation is the attorneys' legal analysis and opinions, and therefore, attorney work product.  *Id.*  The FAC restates communications between Plaintiff and Verily's legal counsel and reveals the opinions of legal counsel regarding that investigation.  The communications, results, and details of the investigation are privileged.  *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by the [attorney-client] privilege."); *Upjohn Co. v. United States*, 449 U.S. 383, 394–95, (1981) (holding that the attorney-client privilege protects

- 4 -

1  communication with corporate employees). Verily has not disclosed any information surrounding

2  the investigation, nor waived attorney-client privilege. Love Decl. ¶ 6.

3      Verily would suffer significant harm if the identified portions of the complaint are not

4  sealed. Disclosure of this information would infringe upon Verily's right to obtain legal advice in

5  confidence. Further, given the serious nature of the investigation, disclosure of the information

6  could result in "improper use of the material for scandalous or libelous purposes." *Nixon*, 435

7  U.S. at 598. Accordingly, sealing the identified portions of the FAC is appropriate and necessary.

8  And, contrary to Plaintiff's suggestion, sealing such information would not impact the issue of

9  whether Plaintiff may rely on it for his whistleblowing claim.

10      **B.    The FAC contains highly confidential business information.**

11      Numerous courts have found compelling reasons to seal confidential and sensitive

12  business information. *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119, 2017 WL

13  11527607, at *2 (N.D. Cal. Dec. 27, 2017) (granting motion to seal highly confidential

14  information that was not publicly available); *Nextpulse, LLC v. Brunswick Corp.*, No. 22-CV-

15  04071-HSG, 2023 WL 1880949, at *7 (N.D. Cal. Feb. 10, 2023) (granting motion to seal

16  competitively sensitive business information). Sealing is especially appropriate when information

17  "divulges terms of confidential contracts, [and] contract negotiations[.]" *Fed. Trade Comm'n v.*

18  *Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

19      Portions of the FAC (identified in the Administrative Motion and set forth below) disclose

20  not only Verily's clients, but also confidential information regarding Verily's business

21  relationships and business associate agreements. These agreements are not publicly available;

22  they are expressly marked "PRIVILEGED and CONFIDENTIAL." Love Decl. ¶ 5. The

23  agreements also have robust confidentiality provisions—no party may disclose the information

24  contained in the agreements. *Id.* Because the FAC contains confidential information regarding

25  Verily's business agreements and negotiations of those agreements, sealing is appropriate. *See*

26  *Fed. Trade Comm'n*, 2019 WL 95922, at *3.

27      Plaintiff's reliance on *Richards v. Centripetal Networks, Inc.*, No. 24-CV-01065-HSG,

28  2024 WL 4654439 (N.D. Cal. Oct. 31, 2024) is inapposite. In *Richards*, the financial information

the party sought to seal was the same financial information that was the basis for Plaintiff's suit. 2024 WL 4654439, at * 3.  Here, by contrast, Plaintiff's allegation of retaliation in his employment is not related to the details of Verily's business agreements.  Indeed, the agreements have nothing to do with whether  Plaintiff's employment with Verily ended because of retaliation or legitimate business reasons.  Thus, the public interest factors here do not outweigh the harm that Verily will endure if its highly confidential business information is unsealed.  Disclosure of such agreements would harm Verily's clients and Verily's business relationships.  Love Decl. ¶ 5. Further, disclosure of these unique business arrangements exposes Verily to the risk of the information being "used to the company's competitive disadvantage."  *Asetek Danmark A/*S, 2015 WL 4511036, at *2.

## IV.    VERILY SEEKS NARROWLY TAILORED RELIEF

In accordance with Civil Local Rule 79-5(c)(3), Verily seeks sealing of only the portions of the FAC that are privileged and confidential.  Accordingly, Verily respectfully requests that the Court seal the portions of the FAC identified in the Administrative Motion and set forth below. Because disclosure of the identified information violates attorney-client privilege and would expose Verily's confidential business practices, there is no less restrictive alternative to redacting this information.  Love Decl. ¶ 8.

| Portion of FAC | Basis for Sealing |
| --- | --- |
| Paragraph 3, 2:5−11 | The selected information contains privileged information from an internal investigation by Verily's legal department. |
| Part of Heading on Page 6 and Paragraphs 29-31. | The selected information contains privileged information from an internal investigation by Verily's legal department. Further, the selected information contains nonpublic, highly confidential information regarding Verily's business associate agreements. |
| Paragraphs 32-36. | The selected information contains privileged information from an internal investigation by Verily's legal department. |

STATEMENT OF VERILY LIFE SCIENCES LLC ISO MOTION TO SEAL

| | |
|---|---|
| | Further, the selected information contains nonpublic, highly confidential information regarding Verily's business associate agreements. |
| Paragraph 36, 8:1-8 | The selected information contains privileged information from an internal investigation by Verily's legal department. Further, the selected information contains nonpublic, highly confidential information regarding Verily's business associate agreements. |
| Paragraph 37, 8:10, fifth through eighth words; 8:11 | The selected information contains privileged information from an internal investigation by Verily's legal department. |
| Paragraph 37, 8:11, first six words and last two words | The selected information contains privileged information from an internal investigation by Verily's legal department. |
| Paragraph 37, 8:12-13 | The selected information contains privileged information from an internal investigation by Verily's legal department. |
| Paragraph 38, second half of line 14 and lines 15-22. | The selected information contains privileged information from an internal investigation by Verily's legal department. |
| Paragraph 39, 8:25-9:1. | The selected information contains privileged information from an internal investigation by Verily's legal department. |
| Paragraph 40, 9:4-5. | The selected information contains privileged information from an internal investigation by Verily's legal department. |
| Paragraph 58, line 7, last five words. | The selected information contains privileged information from an internal investigation by Verily's legal department. |
| Paragraph 68, 13:16-17 except for "Plaintiff complained that..." | The selected information contains privileged information from an internal investigation by Verily's legal department. |

STATEMENT OF VERILY LIFE SCIENCES LLC ISO MOTION TO SEAL

| Paragraph 69, 13:20-21, redact the words following "...Plaintiff reported..."" | The selected information contains privileged information from an internal investigation by Verily's legal department. |
|---|---|

Finally, because the FAC supersedes Plaintiff's original complaint, Verily agrees with Plaintiff's request that the Court seal Docket Entry No. 1 in its entirety if the Court grants the sealing of any portion of the FAC.

## V.    CONCLUSION

For the reasons set forth above, Verily respectfully requests that the Court (1) seal the identified portions of the FAC, and (2), if the Court grants the sealing of any portion of the FAC, seal Docket Entry No. 1 in its entirety.

Dated: December 23, 2024

JONES DAY

By: _____

Liat L. Yamini
Erin McMahon

*Attorneys for Defendant*
VERILY LIFE SCIENCES LLC