JONES DAY
Liat Yamini (State Bar No. 251238)
lyamini@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone:     +1.213.489.3939
Facsimile:     +1.213.243.2539

Erin McMahon (State Bar No. 339474)
emcmahon@jonesday.com
555 California Street, 26th Floor
San Francisco, California  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

*Attorneys for Defendant*
VERILY LIFE SCIENCES LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SLOAN,<br><br>        Plaintiff,<br><br>    v.<br><br>VERILY LIFE SCIENCES, LLC, a Delaware Limited liability company,<br><br>        Defendant. | **Case No. 24-cv-07516-EMC**<br><br>**DEFENDANT VERILY LIFE SCIENCES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, TRANSFER VENUE OR IN THE ALTERNATIVE COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, TRANSFER VENUE OR IN THE ALTERNATIVE COMPEL ARBITRATION**<br><br>Judge: Edward M. Chen<br>Courtroom: 5, 17th Floor |

VERILY LIFE SCIENCES LLC MOTION TO DISMISS,
TRANSFER VENUE OR COMPEL ARBITRATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ....................................................... 6

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 7

I.    STATEMENT OF ISSUES TO BE DECIDED ................................ 7

II.   STATEMENT OF RELEVANT FACTS ......................................... 7

III.  ARGUMENT ..................................................................................... 10
      A.    The Court Lacks Personal Jurisdiction Over Verily As To Plaintiff's
            Claims ..................................................................................... 10

      B.    California's Labor Code and FEHA Statute Do Not Apply to Plaintiff's
            Employment. ........................................................................... 11

      C.    The Northern District of California Is An Improper Venue. ................................ 12
            1.    The Court Should Dismiss Rather Than Transfer This Case. .................. 13
            2.    In The Alternative, The Court Should Transfer This Case To The
                  Northern District of Texas For The Convenience Of Parties and
                  Witnesses. ..................................................................... 14

      D.    The Court Should Compel Plaintiff's FMLA Claim To Arbitration and
            Stay The Remainder Of This Action ...................................................... 15

IV.   CONCLUSION ................................................................................. 16

VERILY LIFE SCIENCES LLC MOTION TO DISMISS,
TRANSFER VENUE OR COMPEL ARBITRATION

# TABLE OF AUTHORITIES

Page

**CASES**

*Aguilar v. Zep Inc.*,
No. 13–CV–00563–WHO, 2014 WL 4245988 (N.D. Cal. Aug. 27, 2014) ........................... 12

*Amochaev v. Citigroup Global Mkts. Inc.*,
No. 4:05-cv-1298, 2007 WL 484778 (N.D. Cal. Feb. 12, 2007) ........................................ 13

*AT&T Tech, Inc. v. Communications Workers of America*,
475 U.S. 643 (1986) .......................................................................................................... 15

*Bristol-Myers Squibb Co. v. Super. Ct.*,
137 S. Ct. 1773 (2017) ...................................................................................................... 10

*Campagna v. Language Line Servs., Inc.*,
No. 5:08–CV–02488–EJD, 2012 WL 1565229 (N.D. Cal. May 2, 2012) ........................... 12

*Campbell v. Arco Marine Inc.*,
42 Cal. App. 4th 1850 (1996) ............................................................................................. 12

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.*,
207 F.3d 1126 (9th Cir. 2000) ............................................................................................ 15

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .......................................................................................................... 10

*Doe v. Spahn*,
No. 21-CV-04007-LB, 2021 WL 6052088 (N.D. Cal. Dec. 21, 2021) ................................. 14

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
141 S. Ct. 1017 (2021) ...................................................................................................... 11

*Green Tree Fin. Corp.-Ala. v. Randolph*,
531 U.S. 79 (2000) ............................................................................................................ 15

*Huddleston v. John Christner Trucking, LLC*,
No. 17-CV-02081-RS, 2017 WL 11616633 (N.D. Cal. July 6, 2017) .................................. 13

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) .............................................................................................. 14

*Jope v. Bear Stearns & Co.*,
632 F.Supp. 140 (N.D. Cal., 1985) ..................................................................................... 16

*King v. Russell,*
 963 F.2d 1301 (9th Cir. 1992) ........................................................................ 13

*Klamath Tribes v. United States Bureau of Reclamation,*
 2018 WL 3570865 (N.D. Cal. July 25, 2018) ................................................ 13

*Sarviss v. Gen. Dynamics Info. Tech., Inc.,*
 663 F. Supp. 2d 883 (C.D. Cal. 2009) ............................................................ 12

*Schilling v. Transcor Am., LLC,*
 No. C 08-941 SI, 2009 WL 3334889 (N.D. Cal. Oct. 14, 2009) .................... 12

*Schwarzenegger v. Fred Martin Motor Co.,*
 374 F.3d 797 (9th Cir. 2004) .......................................................................... 10

*Shearson/Am. Express v. McMahon,*
 482 U.S. 220 (1987) ........................................................................................ 15

*Stage Nine Design, LLC v. Rock-It Cargo USA, LLC,*
 2021 WL 3565310 (E.D. Cal. Aug. 12, 2021) ................................................ 10

*W. Digital Techs., Inc. v. Bd. of Regents of the Univ. of Texas Sys.,*
 No. C 10-3595 .................................................................................................. 13

*Ward v. United Airlines, Inc.,*
 9 Cal. 5th 732 (2020) ...................................................................................... 12

**STATUTES**

28 U.S.C. § 1391(b) ............................................................................................... 7

28 U.S.C. § 1404(a) ......................................................................................... 7, 14

28 U.S.C. § 1406(a) ......................................................................................... 7, 13

29 U.S.C. § 2614 .................................................................................................... 7

Cal. Labor Code § 1102.5 .................................................................................... 14

California Private Attorneys General Act ............................................................ 16

§ 3 of the FAA ..................................................................................................... 16

Federal Arbitration Act .......................................................................................... 7

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* .................................................... 15

- 4 -

FMLA ............................................................................................................ passim

**OTHER AUTHORITIES**

Rule 12(b)(2) ........................................................................................................ 7

Rule 12(b)(3) ...................................................................................................... 13

Rule 12(b)(6) ........................................................................................................ 7

VERILY LIFE SCIENCES LLC MOTION TO DISMISS,
TRANSFER VENUE OR COMPEL ARBITRATION

1

## NOTICE OF MOTION AND MOTION

2      **PLEASE TAKE NOTICE** that on February 6, 2025, or as soon thereafter as the matter

3   may be heard, in Courtroom 5 of the above-entitled Court, located at 450 Golden Gate Avenue,

4   San Francisco, California 94102, Defendant Verily Life Sciences LLC ("Verily")[1], by and

5   through its attorneys, will and hereby does move this Court to dismiss the First Amended

6   Complaint filed by Plaintiff Ryan Sloan ("Plaintiff"), transfer venue to the United States District

7   Court, Northern District of Texas, or in the alternative compel Plaintiff's claims to arbitration and

8   stay the remainder of the action.

9      This Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12, on the

10  grounds that this Court lacks personal jurisdiction over Verily, Plaintiff has failed to state a claim

11  upon which relief may be granted, and the chosen venue is improper.  This Motion to Transfer

12  Venue is brought pursuant to 28 U.S.C. § 1406(a), on the ground that the case should be

13  transferred for the convenience of the parties and witnesses.  This Motion to Compel Arbitration

14  is brought pursuant to Section 4 of the Federal Arbitration Act, on the ground that the Court must

15  compel arbitration where a valid agreement to arbitrate exists.

16     This Motion to Dismiss, Transfer Venue, or in the alternative Compel Arbitration

17  (collectively, the "Motion") is based on the Memorandum of Points and Authorities, the

18  Declaration of Jessica Schulz and all attached exhibits, and all other matters properly before the

19  court.

20

21

22

23

24

25

26

27

28  [1] Plaintiff has wrongfully named "Verily Life Sciences, LLC."  The appropriate entity name is "Verily Life Sciences LLC."

VERILY LIFE SCIENCES LLC MOTION TO DISMISS,
TRANSFER VENUE OR COMPEL ARBITRATION

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

## I.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court lacks personal jurisdiction over Verily Life Sciences LLC, and thus Plaintiff's claims should be dismissed under Rule 12(b)(2).

2.    Whether Plaintiff's claims under California statutes should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted;

3.    Whether the Northern District of California is an improper venue under 28 U.S.C. § 1391(b).

4.    If venue is improper in the Northern District of California, whether the Court should dismiss rather than transfer this case under 28 U.S.C. § 1406(a).

5.    If venue is proper in the Northern District of California, whether the Court should transfer this case to the Northern District of Texas under 28 U.S.C. § 1404(a).

6.    Whether Plaintiff's FMLA claim under 29 U.S.C. § 2614 should be compelled to arbitration under the Federal Arbitration Act, and if it is compelled to arbitration, whether the remainder of Plaintiff's claims should be stayed.

## II.    STATEMENT OF RELEVANT FACTS

On October 29, 2024, Plaintiff Ryan Sloan ("Plaintiff") filed this action against Verily Life Sciences LLC (erroneously sued as "Verily Life Sciences, LLC"; hereinafter "Verily"). *See* ECF Dkt. No. 1.  Verily is a life sciences company that is incorporated in Delaware and headquartered in Dallas, Texas.  FAC ¶ 7; Decl. at ¶ 3.  Prior to July 24, 2024, Verily was headquartered in South San Francisco, California.  *Id*.

On December 16, 2024, the parties filed a stipulation (1) agreeing to the filing of an amended complaint, and (2) extending Verily's deadline to respond to Plaintiff's First Amended Complaint to January 14, 2025.  *See* ECF Dkt. No. 8.  The following day, on December 17, 2024, Jones Day was retained by Verily in this matter, and reached out to Plaintiff's counsel to inform them that Verily did not consent to the contents of Plaintiff's First Amended Complaint because it contained confidential and privileged information.  *See* ECF Dkt. No. 20-2.  Plaintiff filed the First Amended Complaint ("FAC") and an Administrative Motion to File Under Seal on

December 18, 2024.  *See* ECF Dkt. No. 12, 13.  On December 23, 2024, Verily filed a Response in support of the Motion to File Under Seal.[2]  *See* ECF Dkt. No. 20.  For purposes of this motion, Verily does not rely on any of the privileged and confidential information contained in Plaintiff's complaint and First Amended Complaint that, from its perspective, should be sealed from the public record.

Plaintiff began working for Onduo LLC ("Onduo") on September 28, 2020.  FAC ¶ 21. He worked remotely based out of Marietta, Georgia.  FAC ¶ 15.  Plaintiff began his employment with Verily in April 2022 after his then-employer, Onduo, was fully acquired by Verily and brought under Verily's corporate structure as a subsidiary. Decl. at ¶ 4. Upon commencing employment with Verily, Plaintiff signed a binding arbitration agreement on April 19, 2022 (the "Agreement") and remained a remote employee based out of Marietta, Georgia.  Decl. at ¶¶ 4,7. From April 25, 2022 through June 10, 2022, Plaintiff reported to Vindell Washington, who worked for Verily remotely and was based out of Louisiana. Decl. at ¶ 5.  During this time, Plaintiff's skip-level manager was Vivian Lee, who worked out of Verily's Boston, Massachusetts office.  *Id*.  From June 10, 2022 through the end of Plaintiff's employment, he reported to Lisa Greenbaum, who worked for Verily remotely and was based out of Tennessee. Decl. at ¶ 6. Greenbaum maintained an office in Verily's Dallas, Texas office, and regularly traveled to Dallas.  *Id*.  During this time, Plaintiff's skip-level manager was Stephen Gillett, who worked out of Verily's Dallas, Texas office.  *Id*.

Out of Plaintiff's approximately ten direct reports, all worked remotely, and only <u>one</u> was based out of California.  Decl. at ¶ 8.  Out of Plaintiff's approximately eight skip-level reports, all worked remotely, and <u>none</u> were based out of California.  *Id*.  Plaintiff's business unit was based in Massachusetts.  *Id*.  In addition, Plaintiff's Verily employment did not involve <u>any</u> travel to California.  Decl. at ¶ 7.

Plaintiff's FAC identifies a number of witnesses and incidents – none of which were based in or took place in California:

---

[2] In its response, Verily contested that this Court has jurisdiction over this dispute, and reserved its rights to file a motion at the appropriate time contesting jurisdiction.

1    • Plaintiff alleges that Verily terminated two of Plaintiff's colleagues who were
2        "most knowledgeable" about the allegedly unlawful conduct – Julia Feldman and
3        Allison Orenstein.  FAC ¶ 37.  At all relevant times, Feldman was a remote
4        employee based out of Massachusetts, and Orenstein was based out of Boston,
5        Massachusetts.  Decl. at ¶¶ 10, 11.
6    • Plaintiff alleges that various workgroup and Onduo LLC Board meetings took
7        place in the fall of 2022, and that these meetings are where he raised the allegedly
8        unlawful conduct.  FAC ¶ 38.  These meetings were conducted remotely, and
9        Plaintiff's manager was based out of Tennessee (with frequent travel to and a
10       physical office in Texas).  Decl. at ¶¶ 9, 6. His skip-level manager was based out
11       of Verily's Dallas, Texas office. *Id.*
12   • Plaintiff alleges that he spoke with his Tennessee-based supervisor, Lisa
13       Greenbaum, about the allegedly unlawful conduct during a sales training meeting
14       in Dallas, Texas on October 12, 2022.  FAC ¶ 39.
15   • Plaintiff alleges that he spoke with Greenbaum again on November 14, 2022 at a
16       sales conference in Las Vegas, Nevada.  FAC ¶ 41.
17   • Plaintiff alleges that he experienced issues with his FMLA leave.  FAC ¶¶ 44-46,
18       58.  At that time, Verily used a third-party leave administrator, Sedgwick, to
19       handle approval and denial of FMLA claims.  Decl. at ¶ 12.  The internal Verily
20       employee who engaged with Plaintiff on the logistics of his FMLA leave was a
21       remote employee based in Pennsylvania.  *Id.*
22   • Plaintiff alleges that his Tennessee-based manager, Lisa Greenbaum, informed him
23       of his job elimination over the phone.  FAC ¶ 47.
24   • Plaintiff alleges that he was unlawfully terminated.  FAC ¶ 58.  His Tennessee-
25       based manager, Lisa Greenbaum, was the ultimate decision-maker, in consultation
26       with Colorado-based Human Resources Partner, Jessica Schulz.  Decl. at ¶ 13.
27   • Plaintiff alleges that he was unlawfully required to pay back his 2022 bonus.  FAC
28       ¶ 59.  The individual responsible for calculating Plaintiff's bonus amount was

VERILY LIFE SCIENCES LLC MOTION TO DISMISS,
TRANSFER VENUE OR COMPEL ARBITRATION

1    based in Dallas, Texas.  Decl. at ¶ 14. The individual responsible for processing

2    Plaintiff's bonus amount worked remotely based out of Virginia.  *Id*.  The

3    individual responsible for communicating Plaintiff's bonus amount worked

4    remotely based out of Colorado.  *Id*.

## III.    ARGUMENT

### A.    <u>The Court Lacks Personal Jurisdiction Over Verily As To Plaintiff's Claims</u>

7    Plaintiff's claims falter at the starting gate for a simple but fundamental reason:  lack of

8    personal jurisdiction.  A plaintiff has the burden of making a prima facie showing that jurisdiction

9    exists.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  Plaintiff

10   cannot do so.

11   There are two types of personal jurisdiction, general and specific.  *Bristol-Myers Squibb*

12   *Co. v. Super. Ct.*, 137 S. Ct. 1773, 1780 (2017).  Barring "exceptional" circumstances not relevant

13   here, a plaintiff may invoke a court's general personal jurisdiction against a corporate defendant

14   only in the state of its formal place of incorporation or principal place of business.  *Stage Nine*

15   *Design, LLC v. Rock-It Cargo USA, LLC*, 2021 WL 3565310, at *3 (E.D. Cal. Aug. 12, 2021)

16   (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)).  California is neither for

17   Verily.  Verily is incorporated in Delaware and maintains its principal place of business in Texas.

18   FAC ¶ 7; Decl. at ¶ 3.[3]  So general personal jurisdiction is off the table.  *Daimler*, 571 U.S. at

19   137.

20   That leaves only specific, or "case-linked," jurisdiction.  It exists only when the plaintiff's

21   claim *arises out of or relates to* the defendant's forum contacts.  *Bristol-Myers Squibb*, 137 S. Ct.

22   at 1780.  Otherwise said, there must be an "adequate link" between a plaintiff's claims and

23   California.  *Id.* at 1781.

24   Here there is not.  Plaintiff worked thousands of miles away, in Marietta, Georgia, and his

25   business unit was based across the country in Massachusetts. Compl. ¶¶ 14,15; Decl. at ¶¶ 7,8.

26

---

27   [3] To the extent Plaintiff argues that Verily's former headquarters are relevant to this analysis, he
     is mistaken. Verily moved its headquarters from South San Francisco, California to Dallas, Texas
28   on July 24, 2024.  Decl. at ¶ 3.  Plaintiff filed this lawsuit months later on October 29, 2024, when
     Verily's principal place of business was in Dallas, Texas.

1    Moreover, Plaintiff's employment did not involve any travel to California. Decl. at ¶ 7.  Beyond a

2    cursory statement that "the decisions and conduct at issue in this case occurred primarily in South

3    San Francisco where Defendant was based at that time," FAC ¶ 8, Plaintiff offers no facts

4    showing that *any* of the events alleged actually occurred in California.  To the contrary, he

5    references multiple conversations that took place *outside of* California.  First, he alleges that he

6    spoke with his Massachusetts-based colleague regarding conduct he believed to be concerning

7    and potentially unlawful.  He also alleges that he spoke with his Tennessee-based manager about

8    this conduct, both remotely during virtual meetings and in-person in Texas.  FAC ¶¶ 38-40.

9    Additionally, Plaintiff alleges that he experienced issues with his FMLA leave.  FAC ¶¶ 44-46,

10    58, but the internal Verily employee who engaged with Plaintiff on the logistics of his FMLA

11    leave was a remote employee based in Pennsylvania.  Decl. at ¶ 12.  Finally, Plaintiff alleges that

12    he was unlawfully terminated and required to pay back his bonus.  FAC ¶¶ 58-59.  However,

13    those involved were based in Tennessee, Colorado, and Dallas, and Plaintiff himself was not even

14    located in California.  Decl. at ¶¶ 13,14.  Therefore, Plaintiff's injury lacks even a de minimis

15    connection to California.  Without the "substantial connection" needed to justify exerting specific

16    personal jurisdiction, Plaintiff's claims must be dismissed.  *Id.*

17        Plaintiff instead appears to be "engaged in forum-shopping—suing in California because it

18    was thought plaintiff-friendly, even though [her claims] ha[ve] no tie to the State."  *Ford Motor*

19    *Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1031 (2021).  This Court may not, therefore,

20    exercise jurisdiction without effectively "[r]emoving the need for a[] connection between the case

21    and forum State."  *Id.* at 1027 n.3.  Because Plaintiff worked and suffered his alleged injury out of

22    state, he cannot establish the requisite in-state connection with California.  This Court thus lacks

23    personal jurisdiction.

24    **B.    California's Labor Code and FEHA Statute Do Not Apply to Plaintiff's**
      **Employment.**

25

26        For similar reasons, Plaintiff's California claims fail on the merits:  California's Labor Code

27    provisions and FEHA statute do not apply to Plaintiff's employment.

28        California courts refuse to extend these statutes to out-of-state employment relationships

- 11 -

1    where the alleged misconduct did not occur in California.  *See Campbell v. Arco Marine Inc.*, 42

2    Cal. App. 4th 1850 (1996) (FEHA "should not be construed to apply to non-residents employed

3    outside the state when the tortious conduct did not occur in California," and the mere fact that a

4    company is headquartered in California is not enough); *Ward v. United Airlines, Inc.*, 9 Cal. 5th

5    732, 760 (2020) (finding that California Labor Code provision only applied to workers whose

6    home-base location was in California); *Aguilar v. Zep Inc.*, No. 13–CV–00563–WHO, 2014 WL

7    4245988, at *12 (N.D. Cal. Aug. 27, 2014) ("[T]he critical factor is where the work at issue is

8    performed by the plaintiff"); *Campagna v. Language Line Servs., Inc.*, No. 5:08–CV–02488–

9    EJD, 2012 WL 1565229, at * 3 (N.D. Cal. May 2, 2012) ("None of the cases read California

10   wage and hour laws to cover out-of-state work performed by nonresidents who primarily work

11   outside California"); *Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 883, 900 (C.D.

12   Cal. 2009) (holding that the presumption against extraterritorial application of California's Labor

13   Code barred a California resident's claims against his California employer because he

14   "indisputably spent the vast majority of his employment working outside of California")

15   (emphasis in original).

16       It is undisputed that Plaintiff worked in Georgia.  FAC ¶ 15; Decl. at ¶ 7.  He has not even

17   alleged that he performed any work in California, let alone that he primarily worked in California.

18   Just as with personal jurisdiction, Plaintiff's claims under the California statutes fail.  The Court

19   should accordingly dismiss Plaintiff's California statutory claims: they do not apply to this

20   dispute.

21       **C.      The Northern District of California Is An Improper Venue.**

22       The Northern District of California is an improper venue for the same reasons. For a

23   venue to be proper, the Court must determine whether a  "substantial part of the events or

24   omissions" giving rise to plaintiffs' claims occurred in this District." *Schilling v. Transcor Am.,*

25   *LLC*, No. C 08-941 SI, 2009 WL 3334889, at *3 (N.D. Cal. Oct. 14, 2009). "The substantiality

26   requirement is intended to preserve the element of fairness so that a defendant is not haled into a

27   remote district having no real relationship to the dispute." *Schilling v. Transcor Am., LLC*,

28   No. C 08-941 SI, 2009 WL 3334889, at *3 (N.D. Cal. Oct. 14, 2009).  Even if a defendant

1    corporation has its headquarters and some facilities within the Northern District of California, if

2    the actions that give rise to the action occurred elsewhere, then venue would not be proper in this

3    District. *See W. Digital Techs., Inc. v. Bd. of Regents of the Univ. of Texas Sys.*, No. C 10-3595

4    SBA, 2011 WL 97785, at *6 (N.D. Cal. Jan. 12, 2011) (although the headquarters and additional

5    facilities owned by the defendant corporation were located in the Northern District of California,

6    venue was not proper because the actions that gave rise to the lawsuit occurred exclusively

7    outside of the District).

8        As established *supra*, the FAC does not allege that *any* event ever actually occurred in the

9    Northern District of California, let alone that a *substantial* part of those events occurred within

10   this District.

### 1.    The Court Should Dismiss Rather Than Transfer This Case.

12       Where venue is improper, a court has discretion to dismiss the case pursuant to

13   Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under

14   28 U.S.C. § 1406(a). *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992); *Klamath Tribes v.*

15   *United States Bureau of Reclamation*, 2018 WL 3570865 at *3 (N.D. Cal. July 25, 2018) (citing

16   *King*, 963 F.2d at 1304). However, "the interest of justice is not served by allowing a plaintiff

17   [who] committed an obvious error in filing ... in the wrong court, and thereby imposed substantial

18   unnecessary costs on both the defendant and the judicial system, simply to transfer [his] action to

19   the proper court." *Huddleston v. John Christner Trucking, LLC*, No. 17-CV-02081-RS, 2017 WL

20   11616633, at *6 (N.D. Cal. July 6, 2017) (citing cases).

21       Plaintiff himself never worked in California while at Verily. Decl. at ¶ 7. He is also well

22   aware that his direct manager worked out of Tennessee and maintained an office in Dallas, Texas.

23   Decl. at ¶ 6. Nowhere in his FAC did Plaintiff allege that *any* of the actions he described actually

24   occurred in California. Justice would not be served by transferring Plaintiff's claims to a district

25   that he clearly sought to avoid in his thinly veiled attempt at forum shopping. *See King*, 963 F.2d

26   at 1304 (per curiam); *Amochaev v. Citigroup Global Mkts. Inc.*, No. 4:05-cv-1298, 2007 WL

27   484778, at *1 (N.D. Cal. Feb. 12, 2007) (dismissing case because the plaintiff forum shopped and

28   because the plaintiff could "simply file an individual complaint in the proper jurisdiction"). And

1  dismissal is further warranted because of the statutory claims pled (e.g., retaliation in violation of

2  Cal. Labor Code § 1102.5, FEHA associational discrimination).

3       **2.    In The Alternative, The Court Should Transfer This Case To The**
        **Northern District of Texas For The Convenience Of Parties and**
4       **Witnesses.**

5       Assuming, *arguendo,* the Court were to find that the Northern District of California is a

6  proper venue for this case (which it is not), then the Court should transfer this case to the

7  Northern District of Texas.  When venue is proper, a case may be transferred "[f]or the

8  convenience of parties and witnesses, in the interests of justice," to "any other district or division

9  where it might have been brought[.]"  28 U.S.C. § 1404(a).  Pursuant to § 1404(a), this Court has

10  discretion "to adjudicate motions for transfer according to an individualized, case-by-case

11  consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498

12  (9th Cir. 2000).

13       Courts consider multiple factors to determine whether transfer is appropriate. Such factors

14  include:

15       (1) the location where the relevant agreements were negotiated and executed, (2) he
        state that is most familiar with the governing law, (3) the plaintiff's choice of forum,
16       (4) the respective parties' contacts with the forum, (5) the contacts relating to the
        plaintiff's cause of action in the chosen forum, (6) the differences in the costs of
17       litigation in the two forums, (7) the availability of compulsory process to compel
        attendance of unwilling non-party witnesses, and (8) the ease of access to sources
18       of proof.

19  *Jones*, 211 F.3d at 498–99.  "[T]he plaintiff's choice of forum is given little weight when the

20  plaintiff commences an action in a forum where [he] does not currently reside."  *Doe v. Spahn*,

21  No. 21-CV-04007-LB, 2021 WL 6052088, at *5 (N.D. Cal. Dec. 21, 2021).  "The plaintiff's

22  choice of forum also is of less importance when the 'operative facts' occur elsewhere."  *Id.*

23       Neither of the parties reside in Plaintiff's chosen forum.  In his Complaint, Plaintiff does

24  not identify a single tie to this District besides the fact that Verily's principal office was, at one

25  point in South San Francisco.  FAC ¶ 8. Verily itself believes that the Northern District of Texas

26  would be most convenient for the parties and key witnesses.  Crucially, the other people who

27  worked closest with Plaintiff, as well as the potential witnesses that Plaintiff names in his FAC,

28  are based in or near Texas or travel to Texas frequently, and they are more likely to be in Texas

- 14 -

than in California for purposes related to their employment with Verily.  Decl. at ¶¶ 5-14.
Nothing in Plaintiff's FAC would indicate that the Northern District of California would be a
convenient location for any of the key parties and witnesses in the case.  Although Defendant
maintains that venue is improper in California and that the case should be dismissed, if the Court
believes that this District is proper, then the Court should transfer the case to the Northern District
of Texas, which would be most convenient for the parties and potential witnesses to this case.

**D.    The Court Should Compel Plaintiff's FMLA Claim To Arbitration and Stay The Remainder Of This Action.**

Pursuant to the FAA, arbitration must be compelled where, as here:  (1) a valid
agreement to arbitrate exists; and (2) the arbitration agreement encompasses the claims at issue.
*See Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  An
arbitration agreement governed by the FAA is presumed to be valid and enforceable.
*Shearson/Am. Express v. McMahon*, 482 U.S. 220, 226 (1987).  There is a presumption in favor
of arbitrability, *AT&T Tech,, Inc. v. Communications Workers of America*, 475 U.S. 643, 650
(1986), and the party seeking to evade arbitration bears the burden of showing that the
arbitration provision is invalid or does not encompass the claims at issue.  *Green Tree Fin.
Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

Here, Plaintiff entered into a valid and binding arbitration agreement ("Agreement") on
April 19, 2022.  Decl. at ¶ 4. Plaintiff's Interference with FMLA Rights Claim (Count Three)
falls squarely within the scope of the Agreement, which states in relevant part:

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. Except as it otherwise provides, this Agreement applies to **any dispute, past, present or future, arising out of or related to Employee's ("you" or "your") employment with Verily Life Sciences LLC ("Company")** or relationship with any of its investors, officers, directors, principals, shareholders, members, owners, employees, all affiliates, successors, subsidiaries, assigns or parent companies (each of which are third-party beneficiaries of this Agreement) or termination of employment, regardless of its date of accrual, and survives after the employment relationship terminates. Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. Except as otherwise stated in this Agreement, **you and the Company agree that any legal dispute or controversy covered by this Agreement, or arising out of, relating to, or concerning the scope, validity, enforceability, waiver, or breach of this Agreement,**

- 15 -

**shall be resolved by final and binding arbitration** in accordance with JAMS Employment Arbitration Rules and Procedures ("JAMS Rules") then in effect, and not by court or jury trial, to be held (unless the parties agree in writing otherwise) within the county and in the same state where you are or were last employed by the Company (even in locations where JAMS does not have a local office). *See* Decl. at Exh. 1.

While the Agreement does not cover "claims for harassment, discrimination, retaliation, workers compensation, state disability insurance or unemployment insurance benefits, or unemployment insurance benefits, or representative actions for civil penalties filed under the California Private Attorneys General Act" (Agreement at 2), Plaintiff's FMLA claim falls squarely within the scope of the Agreement, as it arises out of his employment with Verily. *See* Decl. at Exh. 1.

Because Plaintiff's claims are subject to contractual arbitration, the Court should stay this case pending arbitration under Section 3 of the FAA. Courts within the Ninth Circuit have concluded that section 3 of the FAA provides a Court discretion to stay an entire action even when only a subset of the claims are arbitrable. *Jope v. Bear Stearns & Co*., 632 F.Supp. 140, 144 (N.D. Cal., 1985). Here, staying the case pending binding arbitration of Plaintiff's FMLA claim would avoid duplicative litigation and discovery as well as preserve the resources of both the Court and the parties. Although pleaded under different legal theories, the arbitrable claim and the remaining claims share related facts and similar legal considerations, such as issues regarding the decision to terminate Plaintiff's employment. Finally, staying this case pending the arbitration is in the best interest of judicial economy because the arbitration might resolve or narrow the issues remaining before this Court.

## IV.    CONCLUSION

For the reasons set forth above, Verily respectfully requests that the Court dismiss Plaintiff's claims in their entirety, or in the alternative either transfer venue to the Northern District of Texas or compel Plaintiff's FMLA claim to arbitration and stay the remainder of the case.

1    Dated: January 14, 2025                          JONES DAY

2

3                                                      By: _____
                                                          Liat L. Yamini
4                                                         Erin McMahon

5                                                      *Attorneys for Defendant*
                                                       VERILY LIFE SCIENCES LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERILY LIFE SCIENCES LLC MOTION TO DISMISS,
TRANSFER VENUE OR COMPEL ARBITRATION