Robert W. Ottinger (SBN 156825)
Melanie L. Proctor (SBN 228971)
**THE OTTINGER FIRM, P.C.**
2108 N Street, Suite N
Sacramento, CA 95816
Tel: 415-262-0096
Fax: 212-571-0505
robert@ottingerlaw.com
melanie@ottingerlaw.com

*Attorneys for Plaintiff*
RYAN SLOAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN SLOAN,<br><br>       Plaintiff,<br><br>       vs.<br><br>VERILY LIFE SCIENCES LLC, a Delaware Limited liability company,<br><br>       Defendant. | Civil Action No.: 24-cv-07516-EMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, CHANGE VENUE AND/OR COMPEL ARBITRATION**<br><br>DATE: February 20, 2025<br>TIME: 1:30 P.M.<br>CTRM: 5, 17TH FLOOR<br><br>**HON. EDWARD M. CHEN** |

I. **INTRODUCTION**

Plaintiff Ryan Sloan filed this action to vindicate his rights after Defendant Verily Life Sciences LLC discriminated against him for his association with a disabled individual and retaliated against him for reporting violations of federal law. Defendant also interfered with Plaintiff's right to protected leave under the Family and Medical Leave Act. And, compounding its wrongs, after Plaintiff filed a charge with the Equal Employment Opportunity Commission, Defendant continued to retaliate.

Rather than defend the case on its merits, Defendant has filed this almost entirely baseless motion. The facts of the case amply demonstrate the Court has personal jurisdiction over Defendant, that Plaintiff's claims are subject to California law, and that the Northern District of California is the proper venue. Finally, contrary to Defendant's argument, justice does not support staying this action in favor of arbitration on a single claim that is minor in comparison to the more serious allegations. The Court should deny Defendant's Motion to Dismiss or Change Venue and deny Defendant's Motion to Stay.

II. **FACTUAL BACKGROUND**

Plaintiff filed this action on or about October 29, 2024, alleging that Defendant retaliated against him for reporting and opposing breaches of the federal law.[1] Plaintiff alleges that after he opposed Defendant's practices, Defendant retaliated against him in violation of California Labor Code section 1102.5. Plaintiff alleges that Defendant also discriminated against him based *on his association with his disabled elderly mother*, for whom he had sole power of attorney and responsibility to provide care, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112 through 12117 and California Fair Employment and Housing Act, California Government Code section 12900. Plaintiff further alleges that after he filed an administrative charge with the Equal Employment Opportunity Commission, Defendant retaliated against him by demanding repayment of an earned bonus.

---

[1] Defendant has argued that certain portions of the First Amended Complaint should be redacted. The parties' briefing is pending.

Plaintiff and Defendant, through Plaintiff's current counsel and Defendant's prior counsel, stipulated to the filing of a First Amended Complaint. On December 17, 2024, Defendant, through new, current counsel wrote to Plaintiff to "express concerns" about the content of the FAC. Declaration of Melanie Proctor in support of Plaintiff's Opposition ("Proctor Decl."), ¶ 2. Defendant did not withdraw consent to the filing. *Ibid.*

### III.     LEGAL BACKGROUND

Defendant moves to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure, arguing that (1) the Court lacks personal jurisdiction; (2) Plaintiff has failed to state a claim upon which relief may be granted; and (3) the chosen venue is improper. *See* Defendant's Motion to Dismiss or Compel Arbitration ("Defendant's Motion"), p. 6. In the alternative, Defendant asks the Court to change venue to the Northern District of Texas. *Ibid.* Finally, Defendant asks the Court to compel Plaintiff's claim for interference with his rights under the Family and Medical Leave Act to arbitration. *Ibid.*

#### A.     LEGAL STANDARDS FOR RULE 12(b) MOTIONS

##### 1.   *Rule 12(b)(2)—Personal Jurisdiction*

In opposition to Defendant's Motion to dismiss for lack of personal jurisdiction, Plaintiff bears the burden to show that jurisdiction is proper. *Marvix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). However, when, as here, "the defendant's motion is based on written material rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.*, citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). Uncontroverted allegations in the complaint are taken as true, and any factual disputes must be resolved in Plaintiff's favor. *Marvix Photo*, 647 F.3d at 1223. The Court may consider "evidence submitted in affidavits and declarations" to determine whether it has personal jurisdiction. Fed. R. Civ. P. 12(b)(2); *Apple, Inc. v. Allan & Associates Limited*, 445 F. Supp. 3d 42, 50 (N.D. Cal. 2020) (Davila, J.), citing *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

Where there is no federal statute authorizing personal jurisdiction, the Court must apply the law of the state in which it sits. *Marvix Photo*, 647 F.3d at 1223. Here, "California's long arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Ibid*. Thus, "the defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Ibid*., quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

### 2. Rule 12(b)(6)—Failure to State A Claim

Federal pleading rules require that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations must suggest that the claim has at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Lucile Salter Packard Children's Hosp. at Stanford v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.*, No. 21-CV-09606-EMC, 2022 WL 5123138, at *1 (N.D. Cal. Oct. 4, 2022), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Packard Children's Hosp.*, 2022 WL 5123138, at *1, quoting *Iqbal*, 556 U.S. at 678.

### 3. Rule 12(b)(3)—Improper Venue

Plaintiff asserts this Court has diversity jurisdiction. *See* First Amended Complaint, ¶¶ 6, 7. "In a diversity case, venue is proper "where a 'substantial part of the events or omissions giving rise to the claim occurred.'" *Legal Additions LLC v. Kowalski*, No. C-08-2754 EMC, 2009 WL 1226957, at *11 (N.D. Cal. Apr. 30, 2009), quoting 28 U.S.C. § 1391(a). "When a plaintiff commences suit in the wrong district, the court shall either dismiss or transfer the case." *Legal Additions*, 2009 WL 1226957, at *11, citing 28 U.S.C. § 1406(a). Further, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and

3

substantial justice.'" *Legal Additions*, 2009 WL 1226957, at *1, quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–801 (9th Cir. 2004).

### B. LEGAL STANDARD TO COMPEL ARBITRATION

Defendant contends that Plaintiff's claim for interference with his rights under the FMLA should be compelled to arbitration. *See* Defendant's Motion, pp. 15-16. Here, the Court's role "is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Even if that applies here, that does not require staying the entire case while a single claim is arbitrated. *Congdon v. Uber Technologies, Inc.*, 226 F. Supp. 3d 983, 990 (N.D. Cal. 2016) (Gonzalez Rogers, J.) ("It is…within a district court's discretion whether to stay, for 'considerations of economy and efficiency,' an entire action including issues not arbitrable, pending arbitration."). The Federal Arbitration Act itself supports proceeding with the non-arbitrable claims. *Ireland-Gordy v. Tile, Inc.*, Case No. 23-cv-04119-RFL, — F. Supp. 3d —, 2024 WL 5162413, at *12 (N.D. Cal. 2024), citing 9 U.S.C. § 3.

### IV. ANALYSIS

### A. THE COURT HAS PERSONAL JURISDICTION OVER VERILY

Defendant asks the Court to focus only on Plaintiff's specific claims. *See* Defendant's Motion, pp. 10–11. But the Court can consider "evidence submitted in affidavits and declarations" to determine whether it has personal jurisdiction. Fed. R. Civ. P. 12(b)(2); *Apple, Inc.*, 445 F. Supp. 3d at 50, citing *Data Disc., Inc.*, 557 F.2d at 1287. And the submitted declarations make clear that Defendant's argument is baseless and false. *Id.*

As an initial matter, Defendant ignores or misclassifies key decision makers cited in the First Amended Complaint who also reside in California: Stephen Gillett, Verily CEO and Sloan's skip-level manager (resides and works in both Dallas and San Francisco per property records and social

4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
24-cv-07516-EMC

media accounts),[2] Kerrie Peraino, Verily Chief People Officer (San Francisco Bay Area), Cynthia Patton, former Verily General Counsel and Board Secretary (Los Angeles); Kim Richardson, former Verily Chief Privacy Officer (Los Angeles); and Andrew Conrad, Verily Founder and former CEO/Chairman (San Francisco/Los Angeles). *See* Declaration of Ryan Sloan ("Sloan Decl."), ¶ 7. Moreover, Plaintiff's employment agreement *is governed by the laws of California* and was counter-signed by Verily Chief People Officer Kerrie Peraino, a California based employee. Sloan Decl., ¶ 4, Exh. A and ¶¶ 5, 7(d), Exh. C.

There is more: not only was Plaintiff recruited to Verily by an Oakland, California based recruiter, but his first pre-employment meetings occurred at Defendant's South San Francisco headquarters. Sloan Decl., ¶¶ 2–3. California-based Ms. Peraino was involved in key decisions regarding Plaintiff's protected leave and continued employment. *Id.*, ¶ 6. Verily's offices were closed during most of Plaintiff's employment due to the Covid-19 pandemic. *Id.*, ¶ 9. However, in August 2021 (while still employed by Verily-subsidiary Onduo), Plaintiff held a meeting at the Verily San Francisco office, after receiving an exception from the Covid-19 restrictions to hold an onsite meeting. *Id.*, ¶ 9. In 2022, Plaintiff requested San Francisco-based meetings on three separate occasions. *Id.*, ¶ 10. And at the time of the events alleged in the FAC, five out of six of Defendant's Board of Directors resided in California, including Andrew Conrad (Los Angeles), Sergey Brin (San Francisco), Ruth Porat (Mountain View), Egon Durban (Menlo Park), and Anil Patel (San Mateo). *See* Sloan Decl., ¶ 8, Exh. C. Thus, Defendant's claims that none of the events alleged in the FAC have ties to California are implausible.

Notably, Defendant fails to include an analysis of California's long arm statute, which applies here. *Marvix Photo*, 647 F.3d at 1223. California's statute is "coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Ibid.* Thus, if Defendant has "'certain minimum contacts' with the relevant forum 'such that

---

[2] For example, as recently as June 1, 2024, Gillett blogged about stopping for an oil change in Palo Alto, California during his regular work commute. See Sloan Declaration, ¶ 7(a) and Exh. C pages 2-3, citing Stephen Gillett, "A Song, Not a Discount: A Reminder of America's Strength," June 1, 2024 (https://stephengillett.medium.com/a-song-not-a-discount-a-reminder-of-americas-strength-b4801363a24f).

5

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
24-cv-07516-EMC

the maintenance of the suit does not offend traditional notions of fair play and substantial justice,'" the Court has personal jurisdiction. *Ibid*., quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Here, Plaintiff's allegations amply meet this standard. *See, e.g.*, FAC, ¶¶ 8 and 15 (at time of events, Defendant was headquartered in this district); *id.*, ¶ 13 (primary actors resided in California); ¶¶ 45–46 (FMLA interference from California-based employees). Plaintiff's Employment Agreement is governed by California law, as was the proposed severance agreement. *See* Sloan Decl., ¶ 4, Exh. A; *id.*, ¶¶ 12–13. As of January 20, 2025, Defendant's website continued to assert in a prominent box that it is "anchored in the epicenter of biotech, in the San Francisco Bay Area, California." First Amended Complaint, ¶ 19; see also Proctor Decl., ¶ 6 (screenshot of Careers page on https://verily.com/about-us/careers).

In sum, it is not Plaintiff who is engaged in forum shopping; rather, it is Defendant. Defendant's nominal move of its headquarters to Texas does not negate its purposeful availment of the benefits of the Northern District of California. The Court has personal jurisdiction over Defendant and should deny its motion. *International Shoe Co.*, 326 U.S. at 316; *see also Dep't of Fair Empl. & Housing v. Silicon Valley Growth Syndicate*, Case No. 19-cv-04204-RS, 2019 WL 4738256, at *3 (rejecting entity defendant's argument that because it "*no longer*" had a presence in California, the court lacked personal jurisdiction).

B. **CALIFORNIA LAW CONTROLS PLAINTIFF'S EMPLOYMENT AGREEMENT AND HE HAS THEREFORE STATED A CLAIM FOR RELIEF**

Defendant boldly asserts that California law does not apply to Plaintiff's claims, as if he pulled the claims out of thin air. Defendant's Motion, pp. 11–12. This is demonstrably false: in Plaintiff's employment agreement, the parties agreed to be bound by California law. Sloan Decl., ¶ 4, Exh. A; *see* Declaration of Jessica Schulz in Support of Defendant's Motion ("Shulz Decl."), Exh. 1. Given Defendant's own reliance on a single portion of that agreement (the arbitration clause), Plaintiff asks the Court to take judicial notice of Defendant's complete contract with him as a fact that is not reasonably subject to dispute. Fed. R. Evid. 201(b)(2); *see also* Fed. R. Evid. 106 ("If a

1  party introduces all or part of a statement, an adverse party may require the introduction, at that time,
2  of any other part — or any other statement — that in fairness ought to be considered at the same
3  time."). The Court may take judicial notice of evidence outside the pleadings without converting
4  Defendant's motion into a motion for summary judgment. *United States v. Ritchie*, 3 F.3d 903, 907–
5  908 (9th Cir. 2003). Here, because Defendant relies on a partial document, it is appropriate for the
6  Court to take judicial notice of the more complete document. *Id.* at 908.

Although somewhat obscured by the ECF mark at the top margin, the exhibit Defendant submitted legibly bears the same DocuSign Envelope ID as Plaintiff's Exhibit A: "DocuSign Envelope ID: 727D6B61-FF77-4C6C-908D-B53A18919E3D." Sloan Decl., ¶ 4, Exh. A. Thus, the Court should accept and take judicial notice of Plaintiff's Employment Agreement. Fed. R. Evid. 106, 201(b)(2). Contrary to Defendant's false argument, *California law applies to Plaintiff's claims*.[3]

The cases cited by Defendant are inapposite. Defendant's Motion, pp. 11–12. None include employment contracts in which the parties agreed to be bound by California law. *Campagna v. Language Line Services, Inc.*, Case No. 5:08–CV–02488–EJD, 2012 WL 1565229, at *3 ("[T]he Code of Conduct—if it is even a contract at all—does not appear to contain any language suggesting that California law applies to the employment relationship as a whole[.]"); *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 740 (2020) (collective bargaining agreement controlled by federal law); *Campell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1852 (no discussion of terms in any employment contract); *see also Aguilar v. Zep Inc.*, Case No. 13–cv–00563–WHO, 2014 WL 4245988, at *12–13 (N.D. Cal. Aug. 27, 2014) (same) and *Sarviss v. General Dynamics Information Technology, Inc.*, 663 F. Supp. 2d 883, 897–899 (C.D. Cal. 2009) (same).

Plaintiff's Employment Agreement is controlled by California law. The Court should deny Defendant's Motion and find that Plaintiff has stated a claim upon which relief may be granted. If

---

[3] The Federal Rules of Civil Procedure prohibit false representations to the Court. Fed. R. Civ. P. 11(b); *see also* Civ. L.R. 11–4(a)(4) (requiring admitted attorneys to "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice."). In addition to its false argument in the instant motion and despite being controverted by a sworn declaration from Plaintiff's counsel, Defendant implies again that it "did not consent" to the filing of the First Amended Complaint. Defendant's Motion, p. 7, citing ECF Dkt. 20–2.

the Court declines to take judicial notice of Plaintiff's Exhibit A, Plaintiff requests leave to amend.

### C. VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA

Defendant argues that if the Court does not dismiss the action, it should be transferred to the Northern District of Texas. Defendant's Motion, pp. 12–15. Applying the factors cited by Defendant, the Northern District of California is plainly the better forum. *Id.*, p. 14, citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–499 (9th Cir. 2000).

As to the first two factors, Plaintiff's Employment Agreement and the proposed severance agreement both cite California law as controlling. Sloan Decl., ¶¶ 4, 12–13. And California courts are more familiar with the governing law. Sloan Decl., Exh. A; *Hendricks v. StarKist Co.*, 2014 WL 1245880, at *5 (N.D. Cal. Mar. 25, 2014) (finding "merit to the argument that the California district courts are more familiar with the California laws governing the claims" at issue). These factors alone weigh in favor of venue in the Northern District of California.

Other factors weigh heavily in favor of denying Defendant's motion. For instance, Defendant has extensive contacts with the forum and even trumpets that it is located "at the epicenter of biotech, in the San Francisco Bay Area, California." FAC, ¶ 19; *see also* Proctor Decl., ¶ 6. And Plaintiff's discrimination and retaliation claims arose from actions taken by California employees, including those at Google. FAC, ¶¶ 45–46, 55, 60; Sloan Decl., ¶¶ 5, 7, 11.

Plaintiff has selected this forum, and his counsel are here. Although Defendant diminishes the weight of this factor, "[a] defendant must make a 'strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Lyft, Inc. v. AGIS Software Development LLC*, Case No. 21-cv-04653-BLF, 2022 WL 767616, at *3 (N.D. Cal. Mar. 14, 2022). Defendant cannot do so: the weight of its argument is based on the location of witnesses, but the Ninth Circuit has long recognized that "the location of the evidence and witnesses"… "is no longer weighed heavily given the modern advances in communication and transportation." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998), holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006); *see also Kondo v. Anthello Health Care Solutions,*

*Inc.*, Case No. 15-cv-03244-DMR, 2015 WL 7710301, at *5 (N.D. Cal. Nov. 30, 2015) (rejecting motion to transfer venue to Texas that was based on location of witnesses).

In addition, to the extent key witnesses are no longer within Defendant's control, they are not within the jurisdiction of the Northern District of Texas. FAC, ¶ 28 (identifying Lisa Greenbaum, former Verily Chief Revenue Officer, who appears to be in New York); *id.*, ¶ 37 (identifying Julia Feldman, former Onduo General Counsel, who resides in Boston); *ibid.* (identifying Allison Orenstein, former Onduo Vice President of Marketing, who resides in Boston); Proctor Decl., ¶¶ 3-5. Finally, only one of the witnesses listed in the Shulz Declaration apparently resides fully in Texas, and none of the witness listed in the First Amended Complaint reside there. Verily CEO Stephen Gillett (Sloan's skip-level manager) maintains personal residences and work locations in both Dallas and San Francisco; even Shulz herself does not reside in that jurisdiction. *See* Sloan Decl., ¶ 7(a). Defendant's recitation of locations amply demonstrates that no other forum is better suited than Plaintiff's forum of choice. Defendant's Motion, pp. 9–10.

Defendant's generalized assertions that the Northern District of Texas is better suited for the "convenience" of the parties and a few witnesses do not weigh in favor of transferring venue. The Court should deny Defendant's Motion.

### D. EVEN IF ARBITRABLE, THE FMLA CLAIM SHOULD NOT DELAY THE ENTIRETY OF PLAINTIFF'S CLAIMS

Defendant seeks to compel Plaintiff's claim for interference with FMLA—a federal statutory right—to arbitration. *See* Defendant's Motion, pp. 15-16. And based on this sole issue, which is arguably distinct from the remainder of Plaintiff's claims, Defendant asks the Court to stay this action. Plaintiff does not dispute the existence of an arbitration agreement. But that agreement does not control his claims for retaliation and discrimination. *See* Dkt. 28-1, Schulz Decl., Exh. 1, 1. Arbitration, para. 4 ("This Agreement does not apply to claims for harassment, discrimination, retaliation…"). There is no support for Defendant's contention that the entirety of Plaintiff's case should be stayed pending resolution of Plaintiff's FMLA claim.

9
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
24-cv-07516-EMC

To the contrary, justice counsels in favor of severing the FMLA claim to allow parallel proceedings. *Salgado v. CitiGroup Corporate Holdings, Inc.*, 608 F. Supp. 3d 984, 987–988 (C.D. Cal. 2022) (finding a stay would cause the plaintiff substantial harm, "outweighing the inefficiencies that may accompany proceeding in parallel."). There is little risk of inconsistent rulings, as Plaintiff's claims are factually distinct: Defendant, as admitted by its own Human Resources personnel, initially wrongfully denied Plaintiff's FMLA leave. FAC, ¶¶ 45–46. These simple allegations do not substantively cross with Plaintiff's allegations regarding discrimination and retaliation. FAC, ¶¶ 65–81, 90–103.

Furthermore, Plaintiff's non-arbitrable and serious claims have substantially higher economic value than Defendant's FMLA violation. FAC, ¶¶ 65–81, 90–103 (discrimination and retaliation claims). Whereas discrimination and retaliation claims can result in heavy damages awards, FMLA interference damages are minor in comparison. *Compare Steffens v. Regus Group, PLC*, No. 08cv1494–LAB (BLM), 2013 WL 4499112, at *1 (S.D. Cal. Aug. 19, 2023) (jury awarded Plaintiff who alleged whistleblower retaliation $4,646,252 in economic, non-economic, and punitive damages) *with Atwood v. PCC Structurals, Inc.*, No. 3:14-cv-00021-HZ, 2015 WL 9480024, at *1 (D. Ore. Dec. 18, 2015 (jury awarded $5,000 in economic damages for FMLA interference claim).

It would not serve the interests of justice—and indeed would hamper justice—to delay Plaintiff's serious allegations in favor of a relatively technical and less weighty claim. *Salgado*, 608 F. Supp. 3d at 987–988; Noriega v. Citibank, Case No. 2:21-cv-08154-FLA (JPRx), 2022 WL 2167454, at *2 (C.D. Cal. Apr. 4, 2022) (denying stay because defendants failed to prove "would result in substantial savings or simplification of the legal and factual issues in this action or to establish a real risk of harm or prejudice if a stay is not entered."); *Ishaki v. Equifax Information Services, LLC*, Case No. 2:19-CV-00558-GMN-EJY, 2019 WL 12875983, at *2 (D. Nev. Sept. 20, 2019) (same).

Thus, even if the Court compels the single FMLA interference claim to arbitration, it should not stay the entire action.[4] *California Crane School, Inc. v. Google LLC*, 621 F. Supp. 3d 1024, 1033–1034 (N.D. Cal. 2022) (Gilliam, J) (staying non-arbitrable claims "would only serve to needlessly delay their resolution."); *see also Ireland-Gordy*, 2024 WL 5162413, at *12–13 (same).

## V.     CONCLUSION

For the forgoing reasons, the Court should deny Defendant's motion in its entirety. As evident from Defendant's efforts to seal the First Amended Complaint (notwithstanding the continued public access to the original complaint), Defendant would prefer to adjudicate Plaintiff's claims out of public eye. But his claims are not arbitrable and are appropriately raised in this forum and venue.

If the Court is inclined to grant any portion of Defendant's motion, Plaintiff requests further leave to amend his complaint. And if the Court agrees that the FMLA claim should be submitted to arbitration, there is no reason to not allow the principal litigation to proceed at the same time. Defendant's Motion to Stay should be denied.

///

///

Dated: January 28, 2025                                                    THE OTTINGER FIRM, P.C.

/s/Melanie L. Proctor
MELANIE L. PROCTOR
Attorneys for Plaintiff, Ryan Sloan

---

[4] If the Court is inclined to stay the action while the single claim is arbitrated, Plaintiff requests leave to amend to eliminate the FMLA cause of action.

11
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
24-cv-07516-EMC