JONES DAY
Liat L. Yamini, Bar No. 251238
lyamini@jonesday.com
Niyyah S. Barber, Bar No. 350337
niyyahbarber@jonesday.com
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Lauren E. Dutkiewicz, Bar No. 329017
ldutkiewicz@jonesday.com
161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

*Attorneys for Defendant*
VERILY LIFE SCIENCES LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

RYAN SLOAN,

Plaintiff,

v.

VERILY LIFE SCIENCES, LLC, a Delaware limited liability company,

Defendant.

**Case No. 24-cv-07516-EMC**

**DEFENDANT VERILY LIFE SCIENCES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF RYAN SLOAN'S SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: August 28, 2025
Time: 1:30 p.m.
Judge: Hon. Edward M. Chen

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on August 28, 2025 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 5 of the above-titled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Verily Life Sciences LLC ("Verily"),[1] by and through its attorneys, will and hereby does move this Court to partially dismiss the Second Amended Complaint filed by Plaintiff Ryan Sloan ("Plaintiff"), or in the alternative compel one of Plaintiff's claims to arbitration and stay the remainder of the action.

This Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiff has failed to state a claim upon which relief may be granted. This Motion to Compel Arbitration is brought pursuant to Section 4 of the Federal Arbitration Act, on the grounds that the Court must compel arbitration where a valid agreement to arbitrate exists.

This Motion to Dismiss, or in the Alternative Compel Arbitration (collectively, the "Motion") is based on the attached Memorandum of Points and Authorities, the Declaration of Liat Yamini and all attached exhibits, argument of counsel, and all other matters properly before the Court.

Dated: July 17, 2025

JONES DAY

By: /s/Liat L. Yamini
Liat L. Yamini
Niyyah S. Barber
Lauren E. Dutkiewicz

*Attorneys for Defendant*
VERILY LIFE SCIENCES LLC

---

[1] Plaintiff has wrongly named "Verily Life Sciences, LLC" as the defendant. The appropriate entity name is "Verily Life Sciences LLC."

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................ 1
II. STATEMENT OF ISSUES TO BE DECIDED ............................................................ 1
III. STATEMENT OF RELEVANT FACTS ..................................................................... 1
A. Summary of Plaintiff's Allegations ........................................................................ 1
B. Procedural History ................................................................................................ 2
IV. LEGAL STANDARD .................................................................................................. 3
V. ARGUMENT ............................................................................................................... 3
A. Plaintiff Fails to State a Claim for "Retaliation in Breach of Contract." ................ 3
1. Retaliation is not in itself a cognizable claim ............................................ 3
2. The Employee Handbook and Code of Conduct are not binding contracts ................................................................................................ 4
3. Plaintiff's At-Will Agreement does not convert the Handbook or Code of Conduct into a legally binding contract ....................................... 6
B. In the Alternative, Plaintiff's Breach of Contract Claim is Subject to Arbitration ............................................................................................................ 7
1. Breach of contract is covered under the arbitration agreement.................. 7
2. Any dispute regarding arbitrability is subject to arbitration ....................... 8
C. The Case Should be Stayed Pending Arbitration .................................................. 9
VI. CONCLUSION .......................................................................................................... 10

## TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*AT&T Tech, Inc. v. Communications Workers of America*
475 U.S. 643 (1986) ........ 7

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ........ 3

*Bianco v. H.F. Ahmanson & Co.*
897 F. Supp. 433 (C.D. Cal. 1995) ........ 6

*Brennan v. Opus Bank*
796 F.3d 1125 (9th Cir. 2015) ........ 9

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.*
207 F.3d 1126 (9th Cir. 2000) ........ 7

*Clinton v. Jones*
520 U.S. 681 (1997) ........ 9

*Doe v. Bridges to Recovery, LLC*
No. 2:20-CV-348-SVW, 2021 WL 3494635 (C.D. Cal. May 4, 2021) ........ 6, 7

*Garibaldi v. Bank of Am. Corp.*, No. C 13-02223 SI, 2014 WL 1338563
(N.D. Cal. Apr. 1, 2014) ........ 5

*Green Tree Fin. Corp.-Ala. v. Randolph*
531 U.S. 79 (2000) ........ 7

*Hunt v. Meta Platforms, Inc.*
No. 23-cv-04953, 2024 WL 2503118 (N.D. Cal. May 24, 2024) ........ 9

*Jope v. Bear Stearns & Co.*
632 F. Supp. 140 (N.D. Cal. 1985) ........ 9

*McCrary v. UCLA Health*
No. LACV1810001JAKJPRX, 2020 WL 2025392 (C.D. Cal. Jan. 31, 2020) ........ 3

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*
540 F.3d 1049 (9th Cir. 2008) ........ 3, 4, 5, 6

*Minichino v. First California Realty*
No. C-11-5185 EMC, 2012 WL 4364611 (N.D. Cal. Sept. 24, 2012) ........ 3

# TABLE OF AUTHORITIES
(continued)

**Page**

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001)........................................................................................ 3

*Scheller v. Interstae Realty Mangement*
No. 2:14-CV-0457 MCE KJN, 2014 WL 2918879 (E.D. Cal. June 24, 2014) ........................ 5

*In re Diamond Foods, Inc., Sec. Litig.,*
No. 11-cv-05386 WHA, 2012 WL 6000923 (N.D. Cal. Nov. 30, 2012).................................. 6

*Silva v. Haleon US Inc.*
758 F. Supp. 3d 1082 (N.D. Cal. 2024) ......................................................................... 6

*Thomas Weisel Partners LLC v. BNP Paribas*
No. C 07-6198 MHP, 2010 WL 546497 (N.D. Cal. Feb. 10, 2010) .................................... 5, 6

**California Cases**

*Am. Mortg. Network v. LoanCity.com*
No. D044550, 2006 WL 3199291 (Cal. Ct. App. Nov. 7, 2006) ......................................... 5, 6

*Haggard v. Kimberly Quality Care, Inc.*
39 Cal. App. 4th 508 (1995)........................................................................................ 7

*Harris v. Rudin, Richman & Appel*
74 Cal. App. 4th 299 (1999)..................................................................................... 4, 7

## I. INTRODUCTION

In his third iteration of a complaint, Plaintiff Ryan Sloan alleges that Verily retaliated against him when Verily selected him for layoff as part of a broader reduction in force. Specifically, Plaintiff contends that he faced retaliation, in part, for whistleblowing on Verily's business practices. This Court previously dismissed Plaintiff's claim under California Labor Code Section 1102.5, compelled Plaintiff's claim for FMLA interference to arbitration, and stayed the proceedings. In a patent effort to avoid arbitration, Plaintiff has now filed a Second Amended Complaint removing his FMLA claim, and artfully re-pleading his Section 1102.5 claim as a claim for "retaliation in breach of contract." Specifically, and as familiar to the Court, the arbitration agreement Plaintiff signed excepts claims for retaliation, but not claims for breach of contract. But "retaliation" by itself is not a cognizable cause of action, and must be tethered to a statute or other legal right. Here, after the Court dismissed Plaintiff's statutory (§1102.5) retaliation claim, Plaintiff artfully tethers his retaliation claim to a purported breach of contract. But as explained below, Plaintiff fails to state a claim for breach of contract because Verily's Employee Handbook and Code of Conduct do not create contractual rights. In any event, even if Plaintiff could plead the existence of a contractual right, his breach-of-contract claim is subject to arbitration. In the end, no matter Plaintiff's creativity, he cannot maintain his "retaliation in breach of contract" claim in this Court.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should dismiss Plaintiff's breach-of-contract claim under Rule 12(b)(6) for failure to state a claim.

2. If the Court does not dismiss Plaintiff's breach-of-contract claim, whether such claim should be compelled to arbitration.

3. If Plaintiff's breach-of-contract claim is compelled to arbitration, whether the remainder of Plaintiff's claims should be stayed pending arbitration.

## III. STATEMENT OF RELEVANT FACTS

### A. Summary of Plaintiff's Allegations

Plaintiff began working for Onduo LLC ("Onduo") on September 28, 2020. Second Am.

Compl. (“SAC”) ¶ 24, ECF No. 58. Plaintiff worked remotely based out of Marietta, Georgia. *Id.* ¶ 17. In April 2022, Verily fully acquired Onduo and offered Plaintiff employment with Verily. *Id.* ¶ 30. Upon commencing employment with Verily, Plaintiff signed an at-will employment agreement and an arbitration agreement. *See id.* ¶¶ 31, 82

In January 2023, Verily terminated Plaintiff’s employment as part of a broader reduction in force that eliminated Plaintiff’s position. *Id.* ¶ 64. Plaintiff, however, contends that he was selected for layoff in retaliation for reporting concerns regarding Verily’s business practices. *Id.* ¶ 96. Plaintiff further alleges that Verily retaliated against him by demanding repayment of a duplicate bonus (that Plaintiff eventually repaid). *Id.* ¶¶ 99, 112. Finally, Plaintiff contends that, during the RIF process, Verily failed to accommodate the leave he took to care for his mother. *Id.* ¶ 119.

**B. Procedural History**

On October 29, 2024, Plaintiff filed this action against Verily. Compl., ECF No. 1. Plaintiff subsequently filed a First Amended Complaint alleging five causes of action: (1) whistleblower retaliation in violation of Cal. Labor Code §1102.5; (2) retaliation in violation of Title VII; (3) FMLA interference; (4); ADA associational discrimination; and (5) FEHA associational discrimination. First Am. Compl. (“FAC”), ECF No. 12. On January 14, 2025, Verily filed a Motion to Dismiss, Transfer Venue, or in the Alternative, Compel Arbitration. Def.’s Mot. Dismiss, ECF No. 28. As relevant here, the Court dismissed Plaintiff’s claims under Section 1102.5 and the FEHA because Plaintiff did not work in California. Minute Order 2, ECF No. 40. Further, the Court compelled Plaintiff’s FMLA interference claim to arbitration and stayed the case pending arbitration. *Id.*

After Verily initiated arbitration on Plaintiff’s FMLA interference claim and for the repayment of the duplicate bonus Verily mistakenly paid Plaintiff, Plaintiff repaid the requested amount and sought to dismiss the FMLA claim. *See* Pl.’s Mot. Lift Stay 3–4, ECF No. 44. The Parties stipulated to a lift of the stay so Plaintiff could file a motion for leave to amend his complaint. Joint Stip., ECF No. 48. Verily did not contest Plaintiff’s motion for leave, ECF No. 54, and the Court granted Plaintiff’s motion. Order Grant. Mot. Leave, ECF No. 56. On June 17,

2025, Plaintiff filed his Second Amended Complaint. In his Second Amended Complaint, Plaintiff alleges three causes of action: (1) retaliation in breach of contract; (2) retaliation in violation of Title VII; and (3) ADA associational discrimination. *See generally* SAC. The Parties subsequently filed a stipulation permitting Verily to file the present Motion by July 17, 2025. Stip. Extend Time, ECF No. 59; Order Grant. Joint Stip., ECF No. 60.

## IV.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is proper where there is "no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must decide whether the facts alleged in the complaint, if true, would entitle the plaintiff to some form of legal remedy. *Id.* When reviewing a motion to dismiss, a court's inquiry includes "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

## V.   ARGUMENT

### A.   Plaintiff Fails to State a Claim for "Retaliation in Breach of Contract."

#### 1.   <u>Retaliation is not in itself a cognizable claim.</u>

As explained above, a plaintiff must state a "cognizable legal theory" to survive a motion to dismiss. *Navarro*, 250 F.3d at 732. In other words, a plaintiff must identify a cause of action or legal basis for a claim. *See Minichino v. First California Realty*, No. C-11-5185 EMC, 2012 WL 4364611, at *5 (N.D. Cal. Sept. 24, 2012) (dismissing case where plaintiff "identifie[d] no causes of action"). An allegation of retaliation alone does not constitute a cognizable legal theory. *See McCrary v. UCLA Health*, No. LACV1810001JAKJPRX, 2020 WL 2025392, at *12 (C.D. Cal. Jan. 31, 2020) (dismissing claim for "Intentional Retaliation" that "appear[ed] to be a whistleblower claim" because Plaintiff provided no legal basis for such claim).

Accordingly, Plaintiff here may not rely solely on his factual allegations of retaliation to

state a claim for relief—he must also plead a cause of action. In his First Amended Complaint, Plaintiff brought his allegations of whistleblower-retaliation under California Labor Code Section 1102.5. FAC ¶ 65. But the Court dismissed this claim. Minute Order 2. Plaintiff now tries to fit the same allegations into a breach-of-contract theory. Despite Plaintiff's attempt to frame his claim as "retaliation in breach of contract," the actual cognizable claim is for breach of contract. As explained below, Plaintiff fails to state sufficient facts to support his breach-of-contract claim.

**2. <u>The Employee Handbook and Code of Conduct are not binding contracts.</u>**

"To state a cause of action for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage." *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (1999).[2] Here, Plaintiff's claim fails because he has not (and cannot) plead the existence of a contract for non-retaliation.

Plaintiff alleges that he "entered into a contract in April 2022" and that Verily "breached its contract with Plaintiff that (1) required Plaintiff to report suspected violations of the law and (2) prohibited retaliation for such reporting." SAC ¶ 96. Plaintiff did not attach this purported contract to the Second Amended Complaint. However, Verily assumes that Plaintiff is referring to the "At-Will Employment, Confidential Information and Invention Assignment Agreement" (the "At-Will Agreement"), that Plaintiff attached to his initial complaint.[3] Compl., Ex. A, ECF No. 1-1; *see also* Decl. of Ryan Sloan, Ex. D, ECF No. 50-2. The At-Will Agreement nowhere states a contractual obligation for Verily not to retaliate against Plaintiff.

Because the At-Will Agreement does not contain an anti-retaliation provision, Plaintiff presumably relies on Verily's Employee Handbook, which references standards of conduct for employees. *See* SAC ¶ 32 (referring to an "Employee Handbook and Code of Conduct"); *Id.* ¶ 96 (alleging Plaintiff "fulfilled his part of the contract" by following "Defendant's Code of

---

[2] Plaintiff's At-Will Agreement states that it will be governed by California law.

[3] In resolving this Motion, the Court may consider the At-Will Agreement because it is incorporated into the Second Amended Complaint by reference and is included in several public filings in this litigation. *See Metzler*, 540 F.3d at 1061; Decl. of Ryan Sloan, Ex. D, ECF No. 50-2.

Conduct"). The Handbook includes Verily's "Policy Against Retaliation for Raising Concerns," which prohibits retaliation "by any person" and provides reporting mechanisms if employees believe they have been subjected to retaliation. Decl. of Ryan Sloan, Ex. E, Verily's Employee Handbook ("Handbook") p. 19, ECF No. 50-2.[4]

But Verily's Employee Handbook is not a contract. Courts have consistently held that employee handbooks do not create contractual rights, particularly where, as here, they disclaim the existence of a contract and reserve the employer's unilateral right to modification. *Garibaldi v. Bank of Am. Corp.*, No. C 13-02223 SI, 2014 WL 1338563, at *3 (N.D. Cal. Apr. 1, 2014) ("Where an employee handbook expressly states that it is not intended to constitute a contract . . . courts have generally held that the handbook does not give rise to contractual rights"); *Thomas Weisel Partners LLC v. BNP Paribas*, No. C 07-6198 MHP, 2010 WL 546497, at *8 (N.D. Cal. Feb. 10, 2010) (holding there was no implied contract in an employee handbook); *Am. Mortg. Network v. LoanCity.com*, No. D044550, 2006 WL 3199291, at *10 (Cal. Ct. App. Nov. 7, 2006) ("Case authority supports the proposition that an employee handbook containing . . . an express disclaimer that it is not a binding contract creates no enforceable contractual rights"); *Scheller v. Interstae Realty Mangement*, No. 2:14-CV-0457 MCE KJN, 2014 WL 2918879, at *7 (E.D. Cal. June 24, 2014) (holding "that no reasonable person could have objectively interpreted the handbook as a contract" where the handbook disclaimed the existence of contractual rights and could be modified at any time).

Here, Verily's Handbook explicitly states that its "employment practices, guidelines and policies do not form part of your employment contract/offer letter." Handbook p. 13. Further, the Handbook states that "Verily reserves the right to add to, modify, or delete any of its employment practices, guidelines and policies at any time." *Id.* With this language, no reasonable person could interpret the Handbook as creating a legally binding contract. As the courts in *Bionco* and *American Mortgage* observed, "it is the most fundamental principle of contract law that there can be no legally enforceable obligation without a promise, a commitment

[4] Consideration of the Handbook is appropriate here because it is incorporated by reference into the Second Amended Complaint and included in the public filings in this case. *See Metzler*, 540 F.3d at 1061.

to future behavior." *Bianco v. H.F. Ahmanson & Co.*, 897 F. Supp. 433, 439–40 (C.D. Cal. 1995); *Am. Mortg.* Network, 2006 WL 3199291, at *10. A handbook that "states on its face" it is not intended to constitute a contract, "cannot be a promise or a commitment to future behavior." *Id.* Rather, the text of Verily's Handbook makes clear that it is intended only to "put employees on notice of their employer's expectations." *Thomas Weisel*, 2010 WL 546497 at *8.

To the extent Plaintiff relies on a separate Code of Conduct containing a substantially similar anti-retaliation policy, the same principles apply. The Code of Conduct on which Plaintiff relies states that it is "designed as a *roadmap to provide you with guidance on how we expect Veeps [employees] to live the Verily values* and make ethical decisions in our leadership and work."[5] Decl. of Liat L. Yamini, Ex. 1. This language also indicates an intent only to put employees on notice of Verily's expectations. The "merely informational" document does not constitute a binding promise by Verily to engage in specific future behavior. *See Doe v. Bridges to Recovery, LLC*, No. 2:20-CV-348-SVW, 2021 WL 3494635, at *2 (C.D. Cal. May 4, 2021).

**3. <u>Plaintiff's At-Will Agreement does not convert the Handbook or Code of Conduct into a legally binding contract.</u>**

To support his breach-of-contract claim, Plaintiff incorrectly relies on the At-Will Agreement's references to the Handbook and Code of Conduct. Plaintiff's At-Will Agreement includes the following acknowledgement:

> I understand that Verily maintains an Employee Handbook and a Code of Conduct. I understand that as a Verily employee, Verily's Employee Handbook and Code of Conduct, as well as and all of the policies contained within or incorporated by reference into either the Employee Handbook or Code of Conduct apply to me. I agree to read, understand and comply with the policies set forth or incorporated into the Verily Employee Handbook and Code of Conduct.

At-Will Agreement 10, ECF No. 50-2. This language merely establishes Plaintiff's agreement to read and comply with Verily's policies—it does not establish contractual rights regarding the

---

[5] The Court may consider the Code of Conduct because it is incorporated into the Second Amended Complaint by reference, and Plaintiff confirmed the document relied upon for the Complaint. *See* Yamini Decl. ¶ 3; *Metzler*, 540 F.3d at 1061; *In re Diamond Foods, Inc., Sec. Litig.*, No. 11-cv-05386 WHA, 2012 WL 6000923, at *16 (N.D. Cal. Nov. 30, 2012). Further, judicial notice is appropriate because the document is publicly available online. *See* Yamini Decl. ¶ 3; *Silva v. Haleon US Inc.*, 758 F. Supp. 3d 1082, 1087 (N.D. Cal. 2024).

policies. Indeed, an agreement to adhere to or cooperate with "terms that one party can modify at any time does not reflect the mutual assent to be bound that is required of an enforceable contract." *Doe*, 2021 WL 3494635, at *2 (finding handbook agreement did not create a contractual right for the employee); *see Haggard v. Kimberly Quality Care, Inc.*, 39 Cal. App. 4th 508, 515, 522 (1995) (reversing jury verdict for employee because no contract was formed by employee signing form stating that "I am responsible for knowing and adhering to the Policies" in the handbook). Thus, the At-Will Agreement did not confer to Plaintiff contractual rights regarding policies contained in the Handbook or Code of Conduct.

Because "retaliation" is not a viable claim, and because Plaintiff fails to plead the existence of a contractual right, he fails to state a claim for "retaliation in breach of contract." *See Harris*, 74 Cal. App. 4th at 307. Accordingly, the Court should dismiss Plaintiff's first cause of action for retaliation in breach of contract.

### B. In the Alternative, Plaintiff's Breach of Contract Claim is Subject to Arbitration.

#### 1. <u>Breach of contract is covered under the arbitration agreement.</u>

If the Court determines that Plaintiff has pled a contractual right to non-retaliation, Plaintiff's breach-of-contract claim must be compelled to arbitration. Pursuant to the Federal Arbitration Act, arbitration must be compelled where, as here: (1) a valid agreement to arbitrate exists; and (2) the arbitration agreement encompasses the claims at issue. *See Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). There is a presumption in favor of arbitrability, *AT&T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986), and the party seeking to evade arbitration bears the burden of showing that the arbitration provision is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000).

Here, Plaintiff entered into a valid and binding arbitration agreement ("Arbitration Agreement") on April 19, 2022.[6] Plaintiff's breach-of-contract claim falls squarely within this scope of the Arbitration Agreement:

---

[6] Plaintiff has not contested the validity of the Arbitration Agreement and the Court previously compelled Plaintiff's FMLA claim to arbitration. Minute Order 2.

> This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq. Except as it otherwise provides, **this Agreement applies to any dispute, past, present or future, arising out of or related to Employee's ("you" or "your") employment with Verily Life Sciences LLC ("Company")** or relationship with any of its investors, officers, directors, principals, shareholders, members, owners, employees, all affiliates, successors, subsidiaries, assigns or parent companies (each of which are third-party beneficiaries of this Agreement) or termination of employment, regardless of its date of accrual, and survives after the employment relationship terminates. Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. Except as otherwise stated in this Agreement, you and the Company agree that **any legal dispute or controversy covered by this Agreement, or arising out of, relating to, or concerning the scope, validity, enforceability, waiver, or breach of this Agreement, shall be resolved by final and binding arbitration** in accordance with JAMS Employment Arbitration Rules and Procedures ("JAMS Rules") then in effect, and not by court or jury trial, to be held (unless the parties agree in writing otherwise) within the county and in the same state where you are or were last employed by the Company (even in locations where JAMS does not have a local office).

Decl. of Jessica Schulz, Ex. 1, Arbitration Agreement 5, ECF No. 28-1 (emphasis added). Plaintiff's allegation of a breach of the At-Will Agreement arises out of and relates to Plaintiff's employment with Verily. Thus, Plaintiff's breach-of-contract claim is subject to arbitration.

Plaintiff incorrectly contends that his breach-of-contract claim is explicitly excluded from the Arbitration Agreement. The Arbitration Agreement "does not apply to ***claims for*** harassment, discrimination, ***retaliation***, workers compensation, state disability insurance or unemployment insurance benefits, or unemployment insurance benefits, or representative actions for civil penalties filed under the California Private Attorneys General Act." Arbitration Agreement 6 (emphasis added). Plaintiff attempts to evade arbitration by re-framing his breach-of-contract claim as a retaliation claim. SAC ¶ 97. But as explained above, retaliation is not in itself a "claim," and if there is any viable claim here, it is for breach of contract. Thus, unlike Plaintiff's now-dismissed Section 1102.5 retaliation claim, Plaintiff's breach-of-contract claim is covered by the Arbitration Agreement.

**2. <u>Any dispute regarding arbitrability is subject to arbitration.</u>**

"[A] court must enforce an agreement that, as here, clearly and unmistakably delegates

arbitrability questions to the arbitrator." *Brennan v. Opus Bank*, 796 F.3d 1125, 1132 (9th Cir. 2015). Here, the Arbitration Agreement provides that "any legal dispute . . . concerning the scope . . . of this Agreement, shall be resolved by final and binding arbitration." Arbitration Agreement 5. This language delegates issues of arbitrability such as the scope of the Arbitration Agreement, which includes the scope of "retaliation" in the exceptions to the agreement. Thus, if the Court does not dismiss Plaintiff's breach of contract claim, and Plaintiff continues to contend that such claim is excluded from the Arbitration Agreement, the Court must compel the issue to arbitration.

### C. The Case Should be Stayed Pending Arbitration.

If the Court compels Plaintiff's "retaliation in breach of contract claim" to arbitration, the action should be stayed. Section 3 of the FAA provides the Court discretion to stay an entire action even when only a subset of the claims are arbitrable. *Jope v. Bear Stearns & Co.*, 632 F. Supp. 140, 144 (N.D. Cal. 1985); *Hunt v. Meta Platforms, Inc.*, No. 23-cv-04953, 2024 WL 2503118, at *4 (N.D. Cal. May 24, 2024) (staying putative class action pending arbitration of named plaintiff's claims); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). And this Court previously stayed this case pending arbitration of Plaintiff's FMLA claim and Verily's demand for the repayment of a duplicate bonus because the "factual findings or determinations in these arbitrations would impact the Title VII and ADA claims before this Court." Minute Order 2. The same reasoning applies now.

Efficiency and judicial economy favor a stay of proceedings pending resolution of Plaintiff's breach-of-contract claim. Both Plaintiff's breach-of-contract claim and Title VII claim concern whether Verily retaliated against Plaintiff by demanding repayment of his bonus. SAC ¶¶ 99, 107. Additionally, Plaintiff's breach-of-contract claim and ADA claim concern the reduction in force that ended Plaintiff's employment. *Id.* ¶¶ 98, 119. Thus, any factual findings in the arbitration regarding the validity of the reduction in force and request for the duplicate bonus repayment would impact the claims here. Further, staying this case pending the arbitration is in the best interest of judicial economy because the arbitration might resolve or narrow the

issues remaining. Finally, the arbitration Verily initiated in Georgia remains open such that any compelled claim may proceed in that forum expeditiously.

**VI. CONCLUSION**

For the reasons set forth above, Verily respectfully requests that the Court dismiss Plaintiff's breach-of-contract claim, or in the alternative, compel that claim to arbitration and stay the remaining proceedings.

Dated: July 17, 2025

JONES DAY

By: /s/ Liat L. Yamini
Liat L. Yamini
Niyyah S. Barber
Lauren E. Dutkiewicz

*Attorneys for Defendant*
VERILY LIFE SCIENCES LLC