1  JONES DAY
   Liat L. Yamini, Bar No. 251238
2  lyamini@jonesday.com
   Niyyah S. Barber, Bar No. 350337
3  niyyahbarber@jonesday.com
   555 South Flower Street, Fiftieth Floor
4  Los Angeles, California  90071.2452
   Telephone:    +1.213.489.3939
5  Facsimile:    +1.213.243.2539

6  Lauren E. Dutkiewicz, Bar No. 329017
   ldutkiewicz@jonesday.com
7  161 Michelson Drive, Suite 800
   Irvine, California 92612.4408
8  Telephone: +1.949.851.3939
   Facsimile: +1.949.553.7539

9
   *Attorneys for Defendant*
10 VERILY LIFE SCIENCES LLC

11                 **UNITED STATES DISTRICT COURT**

12                 **NORTHERN DISTRICT OF CALIFORNIA**

13

14
   RYAN SLOAN,                              **Case No. Case No. 24-cv-07516-EMC**
15
                    Plaintiff,              **DEFENDANT VERILY LIFE**
16                                          **SCIENCES LLC'S REPLY IN**
                                            **SUPPORT OF MOTION TO DISMISS**
         v.                                 **PLAINTIFF RYAN SLOAN'S SECOND**
17                                          **AMENDED COMPLAINT, OR IN THE**
   VERILY LIFE SCIENCES, LLC, a Delaware    **ALTERNATIVE COMPEL**
18 limited liability company,               **ARBITRATION**

19               Defendant.                 Date:   August 28, 2025
20                                          Time:   1:30 p.m.
                                            Judge:  Hon. Edward M. Chen
21

22

23

24

25

26

27

28

                                            Defendant's Reply ISO Motion to Dismiss or
                                            Compel 24-cv-07516-EMC

1    I.    **INTRODUCTION**

2         In view of Plaintiff's Opposition, there is no dispute that his retaliation in breach of

3    contract claim cannot proceed in this Court.  Plaintiff attempts to re-plead his dismissed Section

4    1102.5 claim and avoid arbitration by artfully tying his breach of contract claim to retaliation.  To

5    this end, Plaintiff endeavors to re-characterize a plain employment policy as a contract.  But this

6    patent attempt to forum shop fails.  Plaintiff's claim must be dismissed because there is no

7    contract that prohibits retaliation between Plaintiff and Verily, or if there is a contract, a claim for

8    breach of contract must be arbitrated.

9    II.   **ARGUMENT**

10        A.    **There is No Contract Between Plaintiff and Verily That Prohibits Retaliation.**

11        Plaintiff fails to sufficiently allege that Verily made a contractual promise not to retaliate

12   against him.  In his Opposition, Plaintiff does not contend that the "At-Will Employment,

13   Confidential Information and Invention Assignment Agreement" (the "At-Will Agreement")

14   created contractual rights to non-retaliation.  *See* Pl.'s Opp'n Br. at 2−5, ECF No. 62.  He instead

15   argues that Verily's policies created an implied-in-fact contract, and that the Handbook

16   "elevated" the Code of Conduct to contract status.  *Id.*  Neither argument is availing.

17        First, Plaintiff improperly relies on *Guz v. Bechtel National Inc.*, 24 Cal. 4th 317 (2000) to

18   assert that formal policies can create an implied-in-fact agreement.  In *Guz*, there were no written

19   agreements, and the court noted that where, as here, there are formal agreements, such

20   agreements must control.  24 Cal. 4th at 340 n.10 ("[A]n at-will provision in an express written

21   agreement, signed by the employee, cannot be overcome by proof of an implied contrary

22   understanding.").  Further, Plaintiff ignores the cases that acknowledge *Guz* but nevertheless find

23   no contract because there is an express disclaimer of contractual rights and the employer retains

24   unilateral rights to modify the policy.  *See, e.g.*, *Garibaldi v. Bank of Am. Corp.*, No. C 13-02223

25   SI, 2014 WL 1338563, at *2−3 (N.D. Cal. Apr. 1, 2014).  Here, Verily's Handbook expressly

26   states that Verily's "employment practices, guidelines and policies do not form part of your

27   employment contract/offer letter," and that "Verily reserves the right to add to, modify, or delete

28   any of its employment practices, guidelines and policies at any time."  Decl. of Ryan Sloan, Ex.

Defendant's Reply ISO Motion to Dismiss or
Compel 24-cv-07516-EMC

1   E, Verily's Employee Handbook ("Handbook") p. 13, ECF No. 50-2.  As explained in Verily's

2   Motion, courts have consistently held that policies do not confer contractual rights when they

3   contain such disclaimers.  *See Thomas Weisel Partners LLC v. BNP Paribas*, No. C 07-6198

4   MHP, 2010 WL 546497, at *8 (N.D. Cal. Feb. 10, 2010); *Scheller v. Interstae Realty Mangement*,

5   No. 2:14-CV-0457 MCE KJN, 2014 WL 2918879, at *7 (E.D. Cal. June 24, 2014).

6          Plaintiff attempts to avoid this case law by arguing that his At-Will Agreement did not

7   include a statement that the Handbook was not a contract.  Opp'n Br. at 4.  But Plaintiff also

8   signed the Employee Handbook, and therefore acknowledged the disclaimers.  Decl. of Melanie

9   Proctor, Ex. A p. 7, ECF No. 62-1.  Regardless, several courts have found that a plaintiff failed to

10  allege a contractual right where, as here, the *handbook* contains the express disclaimer.  *E.g.*,

11  *Garibaldi*, 2014 WL 1338563, at *3; *Scheller*, 2014 WL 2918879, at *7.

12         Second, Plaintiff inaccurately asserts that the Handbook "elevates" the Code of Conduct

13  to a contract.  Opp'n Br. at 3−4.  Plaintiff appears to recognize that nothing in the Code of

14  Conduct constitutes a promise by Verily to engage in specific future behavior, as opposed to a

15  recitation of Verily's expectation of employees.  *See* Decl. of Liat L. Yamini, Ex. 1, Code of

16  Conduct p. 5, ECF No. 61-1 (stating that the Code of Conduct is "designed as a roadmap to

17  provide you with guidance on how we expect Veeps [employees] to live the Verily values"); *Doe*

18  *v. Bridges to Recovery*, *LLC*, No. 2:20-CV-348-SVW, 2021 WL 3494635, at *2 (C.D. Cal. May

19  4, 2021) (holding that an employer's policies were not contractual even when the employee

20  signed an agreement to follow such policies).  Thus, Plaintiff instead argues that he believed the

21  Code of Conduct was a contract because the Handbook references the Code under "Legal

22  Agreements" along with the confidentiality agreement (a part of the At-Will Agreement).  Opp'n

23  Br. at 3.  But this one of many references to the Code of Conduct in the Handbook also does not

24  constitute a promise by Verily of future behavior, let alone a contractual agreement to non-

25  retaliation.  The reference Plaintiff cites is within "Verily's Communications Policy."  Decl. of

26  Melanie Proctor, Ex. A p. 5, ECF No. 62-1.  This portion of the Handbook highlights that

27  employees separately signed a confidentiality agreement, and that "[t]he Verily Code of Conduct

28  outlines how to protect yourself from possible conflicts and the importance of keeping our

proprietary information and trade secrets confidential." *Id* at 6.  This language again reiterates that the Code of Conduct is intended only to provide guidelines for employees.  Further, the reminder that employees are "bound" to follow the Code of Conduct does not constitute a "*mutual assent* to be bound that is required of an enforceable contract." *Doe*, 2021 WL 3494635, at *2 (emphasis added).  Indeed, an agreement to adhere to, comply with, or cooperate with terms that "one party can modify at any time" cannot constitute such mutual assent. *Id.*  Plaintiff ignores the on-point case law providing that an agreement to follow an employer's policies does not create a contract. *See id.*; *Haggard v. Kimberly Quality Care, Inc.*, 39 Cal. App. 4th 508, 515, 522 (1995).

Third, Plaintiff's reliance on *Kashmiri v. Regents of University of California*, 156 Cal. App. 4th 809 (2007) is inapposite. *Kashmiri* involved a university-setting in which students' payment of fees to an institution creates a contract. 156 Cal. App. 4th at 824.  The cases Verily cites involving the employee-employer relationship are more on point. *See id.* at 827 (declining to determine whether student-university relationships are analogous to employee-employer relationships).  Moreover, the court in *Kashmiri* found an implied contract because, unlike here, the university explicitly contradicted its disclaimer language. *Id.* at 833.  The university provided a general statement that any fees could change at any time, but elsewhere promised that the *specific fee at issue* would not change during a student's enrollment. *Id.*  Here, neither the Handbook nor Code of Conduct contradict the disclaimers that Verily's policies do not form part of employees' at-will agreements.  Nor do the documents contain a promise that Verily would not change its policies.  Given the express, uncontradicted disclaimers, no reasonable person could conclude that the Code of Conduct or Handbook conferred contractual rights to employees.

Finally, to the extent Plaintiff argues there is ambiguity as to whether there is a contract for non-retaliation, any such ambiguity must be determined by an arbitrator.  As explained further below, issues of contract interpretation fall squarely within the scope of the Arbitration Agreement.

1

**B.    In the Alternative, Plaintiff's Breach of Contract Claim is Subject to Arbitration.**

2

3    Plaintiff fails to show that his claim for "retaliation in breach of contract" can escape

4    arbitration.  Plaintiff argues that "if Plaintiff sufficiently states a claim upon which relief may be

5    granted, then it is a claim for retaliation."  Opp'n Br. at 5.  But Plaintiff ignores case law showing

6    that retaliation is not a claim or cause of action in itself.  *See McCrary v. UCLA Health*, No.

7    LACV1810001JAKJPRX, 2020 WL 2025392, at *12 (C.D. Cal. Jan. 31, 2020) (dismissing claim

8    for "Intentional Retaliation" that "appear[ed] to be a whistleblower claim" because Plaintiff

9    provided no legal basis for such claim).  Here, Plaintiff asserts a cause of action for breach of

10   contract.  As Plaintiff acknowledges, the elements of this claim are "(1) the existence of a

11   contract, (2) performance or excuse of nonperformance, (3) defendant's breach, and

12   (4) damages."  Opp'n Br. at 2 (citing *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 996 (N.D.

13   Cal. 2020)).  Unlike Plaintiff's now-dismissed Section 1102.5 claim, these elements concern

14   whether there was an agreement between the Parties and whether Verily breached that

15   agreement—not retaliation in itself.  An issue regarding an alleged contract between the Parties

16   arises out of and relates to Plaintiff's employment with Verily, and thus falls squarely into the

17   scope of the Arbitration Agreement.  *See* Decl. of Jessica Schulz, Ex. 1, Arbitration Agreement

18   p. 5, ECF No. 28-1.  No reasonable person could interpret the exclusion of retaliation claims from

19   the Arbitration Agreement to encompass a breach of contract claim—a claim that not only arises

     out of but in fact defines the nature of Plaintiff's relationship with Verily.

20

21   Plaintiff's attempt to avoid arbitration of the scope of the Agreement also fails.  Plaintiff

22   asserts that this issue of scope is not arbitrable because it is "otherwise stated in th[e] Agreement"

23   that retaliation claims are excluded from arbitration.  Opp'n Br. at 6 (quoting Arbitration

24   Agreement p. 5).  But Plaintiff incorrectly assumes that his breach of contract claim is included

25   under "retaliation."  That is the very issue Verily disputes.  To the extent there is a fact issue, the

26   arbitrator must make a finding as to the meaning of "retaliation" under the Arbitration

27   Agreement.  This issue of scope is separate from whether Verily retaliated against Plaintiff.  And

28   the Agreement unmistakably delegates determinations of scope to the arbitrator.  *See* Arbitration

Agreement p. 5 ("Any legal dispute . . . concerning the scope . . . of this Agreement, shall be resolved by final and binding arbitration.").

Accordingly, Plaintiff's breach of contract claim must be compelled to arbitration to determine (1) whether the breach of contract claim is arbitrable, and if so (2) whether Verily formed and breached a contract with Plaintiff.[1]

### C.    Plaintiff Does Not Dispute a Stay Pending Arbitration.

Plaintiff does not dispute, and therefore concedes, that a stay of proceedings pending resolution of Plaintiff's breach of contract claim is appropriate if the Court compels arbitration. *See generally* Opp'n Br. at 5−6. As Verily explained in its Motion, efficiency and judicial economy favor a stay because the factual findings regarding the validity of the reduction in force and request for duplicate bonus payment would impact Plaintiff's Title VII and ADA claims before this Court. Additionally, a stay is in the best interest of judicial economy because the arbitration might resolve or narrow the issues remaining. Finally, the arbitration Verily initiated in Georgia remains open for the adjudication of Plaintiff's claim.

### III.    CONCLUSION

For the reasons set forth above, Verily respectfully requests that the Court dismiss Plaintiff's breach of contract claim, or in the alternative, compel that claim to arbitration and stay the remaining proceedings.

---

[1] Plaintiff notes that his offer letter incorporates his prior Onduo LLC Agreement, and that the Ondou Agreement does not contain an arbitration clause. Opp'n Br. at 6 fn.3. However, this letter does not negate that Plaintiff signed a separate, valid and enforceable arbitration agreement. Plaintiff has not contested the validity of the Arbitration Agreement and the Court previously compelled Plaintiff's FMLA claim to arbitration. Minute Order 2, ECF No. 40. Plaintiff also states that, in the Onduo Agreement, he acknowledged Onduo's Code of Conduct. Opp'n Br. at 6 fn.3. An agreement to follow a previous company's policies is irrelevant, and regardless, agreeing to comply with an employer's policies does not create a contract. *Doe*, 2021 WL 3494635, at *2.

Defendant's Reply ISO Motion to Dismiss or
Compel 24-cv-07516-EMC

1    Dated: August 14, 2025                JONES DAY

2

3                                          By: /s/ Liat L. Yamini
                                               Liat L. Yamini
4
                                           *Attorneys for Defendant*
5                                          VERILY LIFE SCIENCES LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Reply ISO Motion to Dismiss or
Compel 24-cv-07516-EMC