JONES DAY
Liat Yamini, Bar No. 251238
lyamini@jonesday.com
Niyyah Barber, Bar No. 350337
niyyahbarber@jonesday.com
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Tel: 213-489-3939
Fax: 213-243-2539

Lauren E. Dutkiewicz, Bar No. 329017
ldutkiewicz@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612
Tel: 949-851-3939
Fax: 949-553-7535

Attorneys for Defendant
VERILY LIFE SCIENCES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SLOAN,<br><br>        Plaintiff,<br><br>    v.<br><br>VERILY LIFE SCIENCES, LLC, a Delaware Limited liability company,<br><br>        Defendant. | Case No. 3:24-cv-07516-EMC<br><br>**DEFENDANT VERILY LIFE SCIENCES LLC'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Second Amended Complaint: June 17, 2025<br>Complaint Filed: October 29, 2024<br>Trial Date: None Set |

Defendant Verily Life Sciences LLC ("Defendant" or "Verily") hereby answers Plaintiff Ryan Sloan's ("Plaintiff" or "Sloan") Second Amended Complaint ("SAC").

This lawsuit is defined by Sloan's shifting legal and factual positions over two years. Each change follows Verily's presentation of evidence refuting Sloan's prior theory. Sloan has flipped positions on core issues—including the reason for his termination and the amount of sales incentive compensation he is owed—showing a willingness to depart from established facts in pursuit of a larger financial recovery.

Again and again, when Sloan is confronted with evidence that refutes his claim, he simply abandons his position and comes up with a new, completely different claim.

**Inconsistent Claims for Termination**

Sloan was selected for termination as part of a company-wide Reduction in Force (RIF), which affected approximately 15% of Verily's workforce. The RIF was planned in late 2022 and executed in January 2023. Documents confirm Sloan's selection occurred on or before November 17, 2022. In his Complaint, Sloan acknowledges that, on or around November 14, 2022, his manager informally told him that his job was going to be eliminated as part of an upcoming RIF and advised him to seek new employment; texts show the manager assisting with his job search immediately thereafter.

When Sloan first raised a claim against Verily in June 2023, his sole theory was that Verily terminated him for requesting leave, which he requested in December 2022. At the time, Sloan made no mention of any concerns related to HIPAA.

In October 2024, eighteen months after the initial demand from Sloan, and only after Verily presented clear evidence showing that Sloan had been selected for termination before requesting leave, Sloan advanced an entirely new theory: that he was selected for the RIF because he allegedly raised HIPAA concerns. This HIPAA theory was raised only after Sloan's original allegations and theory were proven to be temporally impossible given the actual timing of relevant events.

Contrary to Sloan's latest allegations, Verily has no evidence that he ever reported any breaches of HIPAA prior to suing Verily. To date, Verily does not have any evidence of a

violation of HIPAA as alleged in the Complaint.

**Shifting Position on Sales Compensation**

Sloan initially accepted Verily's final calculation of his sales incentive compensation, which included additional amounts he requested. Due to an administrative error, Verily accidentally paid the agreed-upon $183,240.21 incentive twice, and requested repayment multiple times—before Sloan filed any claims or an EEOC charge. After receiving the overpayment, Sloan changed his position and, for the first time, claimed he was owed nearly double the agreed amount. He then contradicted that position by repaying the overpayment in full. Sloan then shifted again, alleging that Verily's efforts to collect the overpayment—which began before any EEOC charge or claim was made—were retaliatory. That assertion is inconsistent with his prior acceptance of the correct amount, his repayment of the overage, and the undisputed timeline of Verily's collection efforts.

Ultimately, Sloan's story has repeatedly changed—not because new evidence emerged, but because Verily's documentation has shown his allegations and theories to be without merit. His ever-changing narrative—from the reason for his termination to the compensation he claims is owed—underscores the fundamental lack of credibility and substance in his claims.

As to the specific allegations, Defendant hereby answers the correspondingly numbered paragraphs of the SAC as follows:

## **INTRODUCTION**

1. In response to Paragraph 1 of the SAC, Defendant admits that Plaintiff was employed by Onduo LLC, majority owned by Defendant, as the Chief Commercial Officer, effective September 28, 2020. In April 2022, Plaintiff became a Verily employee and the Chief Commercial Officer for the Onduo business. Defendant further admits that it is ultimately majority owned by Alphabet Inc. and that Defendant focuses on health technology. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 1.

2. In response to Paragraph 2 of the SAC, Defendant admits that Plaintiff purports to bring this action under the Americans with Disabilities Act and asserts claims of retaliation and

\\\

breach of contract.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 2.

3.    In response to Paragraph 3 of the SAC, Defendant denies generally and specifically each and every allegation in Paragraph 3.

4.    In the first sentence of Paragraph 4 of the SAC, Plaintiff refers to a publication by Quest Diagnostics that speaks for itself.  To the extent any response may be deemed required to that sentence, Defendant lacks sufficient knowledge and information to admit or deny the allegations relating to Quest Diagnostics, and on that basis, Defendant denies generally and specifically each and every allegation.  In response to the remaining allegations in Paragraph 4, Defendant denies generally and specifically each and every allegation in Paragraph 4.

5.    In response to Paragraph 5 of the SAC, Defendant admits that Plaintiff was on leave at the time Defendant formally notified Plaintiff that he was eligible for severance in connection with the company-wide Reduction in Force ("RIF"), but also states that Plaintiff was informed, as he admits in Paragraph 56, that he was selected for the RIF before he took a leave of absence.  Defendant also admits that its third party leave administrator initially approved Plaintiff's request for Carer's leave and mistakenly denied Plaintiff's request for FMLA leave, but the mistake was corrected, and Plaintiff's request for FMLA leave was ultimately approved. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 5.

6.    In response to Paragraph 6 of the SAC, Defendant denies generally and specifically each and every allegation in Paragraph 6.

7.    In response to Paragraph 7 of the SAC, Defendant denies generally and specifically each and every allegation in Paragraph 7.

**STATEMENT PURSUANT TO LOCAL RULE 9**

8.    In response to Paragraph 8 of the SAC, the allegations contained therein assert legal conclusions for which no response is required.  To the extent any response may be deemed required, Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 8, and on that basis, Defendant denies generally and specifically each and every allegation.

**JURISDICTION & VENUE**

9.      In response to Paragraph 9 of the SAC, the allegations contained therein assert legal conclusions for which no response is required.  To the extent any response may be deemed required, Defendant denies generally and specifically each and every allegation in Paragraph 9.

10.      In response to Paragraph 10 of the SAC, the allegations contained therein assert legal conclusions for which no response is required.  To the extent any response may be deemed required, Defendant admits that it is a limited liability company incorporated in Delaware with its principal place of business in Texas.  In response to the remaining allegations, Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 10, and on that basis, Defendant denies generally and specifically each and every allegation.

11.      In response to Paragraph 11 of the SAC, the allegations contained therein assert legal conclusions for which no response is required.  To the extent any response may be deemed required, Defendant admits that its principal place of business has been in Texas since July 2024. Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 11.

12.      In response to Paragraph 12 of the SAC, the allegations contained therein assert legal conclusions for which no response is required.  To the extent any response may be deemed required, Defendant admits that it is a corporation that employs more than 100 employees. Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 12.

13.      In response to Paragraph 13 of the SAC, the allegations contained therein assert legal conclusions for which no response is required.  To the extent any response may be deemed required, Defendant denies generally and specifically each and every allegation in Paragraph 13.

14.      In response to Paragraph 14 of the SAC, the allegations contained therein assert legal conclusions for which no response is required.  To the extent any response may be deemed required, Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 14, and on that basis, Defendant denies generally and specifically each and every allegation.

15.      Defendant denies generally and specifically each and every allegation in Paragraph 15.

**PARTIES**

16.      In response to Paragraph 16 of the SAC, Defendant admits that Plaintiff represents that he lives in Georgia.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 16.

17.      In response to Paragraph 17 of the SAC, Defendant admits that Plaintiff represents that he lives in Georgia.  Defendant also admits that, prior to July 2024, it was headquartered in South San Francisco, California.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 17.

18.      In response to Paragraph 18 of the SAC, Defendant admits that Plaintiff represents that he is currently represented by The Ottinger Firm, P.C.

19.      In response to Paragraph 19 of the SAC, Defendant admits that it is a limited liability company incorporated in Delaware and that, since July 2024, its principal place of business is in Dallas, Texas.  Defendant further admits that it is a healthtech company.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 19.

20.      In response to Paragraph 20 of the SAC, Defendant admits that it employs at least 50 employees in the Northern District of California.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 20.

21.      In response to Paragraph 21 of the SAC, Defendant admits that it is a limited liability company incorporated in Delaware and that, since July 2024, its principal place of business is in Dallas, Texas.  Defendant admits that it maintains a registered agent in California.  Defendant further admits that it operates nationally as a healthtech company.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 21.

\\\

\\\

\\\

DEFENDANT'S ANSWER TO SAC

## FACTS

### Mr. Sloan Is Recruited to Onduo

22.     In response to Paragraph 22 of the SAC, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22, and on that basis, Defendant denies generally and specifically each and every allegation.

23.     In response to Paragraph 23 of the SAC, Defendant admits that Onduo LLC hired Plaintiff effective September 28, 2020 as Chief Commercial Officer at Onduo LLC and offered Plaintiff a sign on bonus of $200,000.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 23.

24.     In response to Paragraph 24 of the SAC, Defendant admits that Plaintiff began his employment as Onduo LLC's Chief Commercial Officer on September 28, 2020.

25.     In response to Paragraph 25 of the SAC, Defendant admits that its 2023 Code of Conduct prohibits retaliation against any worker who reports a possible violation of Defendant's Code of Conduct, its policies, or the law.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 25.

26.     In response to Paragraph 26 of the SAC, Defendant admits that it has a policy of protecting patient privacy and collecting and using data responsibly, including by working with its partners and users to protect privacy and security, which policy is stated in its 2023 Code of Conduct.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 26.

### Mr. Sloan Established an Early Track Record of Success as Onduo's Chief Commercial Officer

27.     In response to Paragraph 27 of the SAC, Defendant admits that Plaintiff worked for Onduo LLC in 2020.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 27.

28.     In response to Paragraph 28 of the SAC, Defendant admits that Plaintiff worked for Onduo LLC in 2021.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 28.

29.    In response to Paragraph 29 of the SAC, Defendant admits that Plaintiff worked for Onduo LLC in 2021.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 29.

30.    In response to Paragraph 30 of the SAC, Defendant admits that it offered Plaintiff a compensation structure starting on or around April 2022.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 30.

31.    In response to Paragraph 31 of the SAC, Defendant admits it and Plaintiff executed an offer letter that set forth terms and conditions of Plaintiff's employment with Defendant and that offer letter speaks for itself.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 31.

32.    In response to Paragraph 32 of the SAC, Defendant admits Plaintiff's At-Will Employment, Confidential Information and Invention Assignment Agreement ("CIIAA") required him to acknowledge that Defendant maintains an Employee Handbook and Code of Conduct and that he agreed to review and comply with the Employee Handbook and Code of Conduct.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 32.

33.    In response to Paragraph 33 of the SAC, Defendant admits that its 2023 Code of Conduct prohibits retaliation of any worker who reports a possible violation of Defendant's Code of Conduct, its policies, or the law.  Defendant further admits that effective April 25, 2022, Plaintiff became an employee of Defendant and reported to Defendant's Chief Revenue Officer. Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 33.

34.    In response to Paragraph 34 of the SAC, Defendant admits that Plaintiff worked for Defendant in June of 2022.  Defendant also admits that Plaintiff was the subject of an internal investigation following an employee complaint, and that the investigation report states, "Ryan is not demonstrating the managerial maturity, accountability, and cooperation that is expected of a senior Verily manager.  The investigation confirmed the following key behaviors: not being cooperative/a team player, being dismissive and belittling of peers, colleagues, and company

processes, and poor communication." Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 34.

**Mr. Sloan Discovers and Reports Verily's HIPPA Breaches**

35.     Defendant denies generally and specifically each and every allegation in Paragraph 35.

36.     Defendant denies generally and specifically each and every allegation in Paragraph 36.

37.     In response to Paragraph 37 of the SAC, Defendant admits that it has a policy of protecting patient privacy and collecting and using data responsibly, including by working with its partners and users to protect privacy and security, which policy is stated in its 2023 Code of Conduct. Defendant further admits that it expects its employees to follow and acknowledge this policy, including through annual compliance training. Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 37.

38.     In response to Paragraph 38 of the SAC, Defendant admits that it enters into contractual agreements for its services with its clients and some of these relationships have been publicly disclosed. Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 38.

39.     In response to the first sentence of Paragraph 39 of the SAC, the allegations contained therein assert legal characterizations and conclusions for which no response is required. Defendant otherwise denies generally and specifically each and every allegation in Paragraph 39.

40.     Defendant denies generally and specifically each and every allegation in Paragraph 40.

41.     Defendant denies generally and specifically each and every allegation in Paragraph 41.

42.     Defendant denies generally and specifically each and every allegation in Paragraph 42.

43.     Defendant denies generally and specifically each and every allegation in Paragraph 43.

44.      Defendant denies generally and specifically each and every allegation in Paragraph 44.

45.      Defendant denies generally and specifically each and every allegation in Paragraph 45.

46.      Defendant denies generally and specifically each and every allegation in Paragraph 46.

47.      In response to Paragraph 47 of the SAC, Defendant admits that in late October 2022, Quest Diagnostics offered Defendant's Onduo Diabetes program to its employees. Defendant further admits that Quest Diagnostics conducted a clinical study of Defendant's Onduo Diabetes program and that study speaks for itself. Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 47.

48.      In response to Paragraph 48 of the SAC, Defendant admits that a press release about the Quest Diagnostic study was issued and that it speaks for itself. Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 48.

49.      Paragraph 49 of the SAC refers to various electronically published articles that speak for themselves such that no response is required. To the extent any response may be deemed required, Defendant admits that its press release garnered media attention. Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 49.

50.      Paragraph 50 of the SAC quotes from various purported texts that speak for themselves such that no response is required. Defendant otherwise denies generally and specifically each and every allegation in Paragraph 50.

51.      Defendant denies generally and specifically each and every allegation in Paragraph 51.

52.      Defendant denies generally and specifically each and every allegation in Paragraph 52.

\\\

53.     Paragraph 53 of the SAC refers to an electronically published article that speaks for itself such that no response is required.  Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 53.

54.     Defendant denies generally and specifically each and every allegation in Paragraph 54.

55.     Defendant denies generally and specifically each and every allegation in Paragraph 55.

**Mr. Sloan Is Targeted for Termination from Verily**

56.     In response to Paragraph 56 of the SAC, Defendant admits that on or around November 14, 2022, Plaintiff met with Plaintiff's supervisor at a conference in Las Vegas. Plaintiff's supervisor informed him that a company reorganization was planned and his position would be eliminated based on business needs.  Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 56, including to the extent it suggests that Defendant violated any aspect of the law or breached any agreement.

57.     In response to Paragraph 57 of the SAC, Defendant admits that in November 2022, Plaintiff's supervisor informed him that a company reorganization was planned and his position would be eliminated based on business needs.  Defendant also admits that Plaintiff was eligible for incentive compensation.  Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 57.

58.     In response to Paragraph 58 of the SAC, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 regarding Plaintiff's conversations with unnamed colleagues in Paragraph 58, and on that basis, Defendant denies generally and specifically that allegation.  Defendant denies, generally and specifically, all remaining allegations contained in Paragraph 58.

**Mr. Sloan Takes Protected Leave to Care for His Disabled Mother**

59.     In response to Paragraph 59 of the SAC, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 59, and on that basis, Defendant denies generally and specifically each and every allegation.

60.     In response to Paragraph 60 of the SAC, Defendant admits that Plaintiff requested leave to care for his mother.  Defendant also admits that its third party leave administrator initially approved Plaintiff's request for Carer's leave and mistakenly denied Plaintiff's request for FMLA leave, but the mistake was corrected, and Plaintiff's request for FMLA leave was ultimately approved.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 60.

**Verily Terminates Mr. Sloan in a Reduction In Force and Does Not Provide Him a Role Upon Return from Leave**

61.     In response to Paragraph 61 of the SAC, Defendant admits that it formally notified Plaintiff of his selection in the company-wide RIF in January 2023 and that Defendant applied its standard policies and practices for transitioning employees during a RIF to Plaintiff.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 61.

62.     In response to Paragraph 62 of the SAC, Defendant admits that it directed Plaintiff to the appropriate resource when he encountered portal access technical difficulties.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 62.

63.     In response to Paragraph 63 of the SAC, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 63, and on that basis, Defendant denies generally and specifically each and every allegation.

64.     In response to Paragraph 64 of the SAC, Defendant admits that it sent Plaintiff an email on January 11, 2023 regarding his selection in the company-wide RIF and that email speaks for itself such that no response is required.  To the extent a response is required and except as expressly admitted, Defendant denies each and every allegation in Paragraph 64.

65.     In response to Paragraph 65 of the SAC, Defendant admits that Plaintiff received severance information disclosing that an individual with the job title "Verily Director, Sales – Direct Sales" was offered an alternative position.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 65.

\\\
\\\

66.     In response to Paragraph 66 of the SAC, Defendant admits that as part of the portfolio reorganization that prompted the company-wide RIF, some of Defendant's job duties were spread across multiple employees.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 66.

67.     In response to Paragraph 67 of the SAC, Defendant denies generally and specifically each and every allegation in Paragraph 67.

68.     In response to Paragraph 68 of the SAC, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 68, and on that basis, Defendant denies generally and specifically each and every allegation.

69.     In response to Paragraph 69 of the SAC, Defendant admits that Plaintiff provided information for the performance reviews of employees.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 69.

70.     Paragraph 70 of the SAC refers to electronically published articles and documents that speak for themselves such that no response is required.  To the extent any response may be deemed required, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 70.

71.     In response to Paragraph 71 of the SAC, Defendant admits that its Carer's Leave Policy provides for some compensation during the leave period, and the policy speaks for itself such that no response is required.  To the extent a response is required and except as expressly admitted, Defendant denies each and every allegation in Paragraph 71.

72.     In response to Paragraph 72 of the SAC, Defendant admits that Plaintiff was eligible for and received compensation during the transition period.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 72.

73.     In response to Paragraph 73 of the SAC, Defendant admits that Plaintiff's Sales Plan Memorandum confirmed his personal incentive compensation target of 100% of annualized base salary (or $360,000, less applicable taxes/withholdings) for 2022.  Defendant also admits that Plaintiff received payslips that speak for themselves.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 73.

74.     Defendant denies generally and specifically each and every allegation in Paragraph 74.

75.     In response to Paragraph 75 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Further, Defendant admits that a payslip issued to Plaintiff dated April 7, 2023 reflects a reversal of the erroneous overpayment in the amount of $183,240.21, and that payslip speaks for itself.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 75.

76.     In response to Paragraph 76 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Defendant's email to Plaintiff on April 13, 2023 explaining "there was an overpayment of $183,240.21 paid as a sales incentive payment" on March 31st and that his sales incentive payment was "processed twice" speaks for itself such that no response is required.  Defendant admits that the Google Overpayments Team emailed Plaintiff on August 5, 2024.  To the extent a response is required and except as expressly admitted, Defendant denies each and every allegation in Paragraph 76.

77.     In response to Paragraph 77 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Defendant also admits that, in a demand letter dated June 12, 2023, Plaintiff, through counsel, acknowledged that Defendant had requested the return of the $183,240 commission payment paid in error and, for the first time, alleged that Plaintiff was owed $360,000 in commissions.  With respect to the specific demands in the June 12, 2023 demand letter, the demand letter speaks for itself so that no response is required.  To the extent a response is required and except as expressly admitted, Defendant denies each and every allegation in Paragraph 77.

78.     In response to Paragraph 78 of the SAC, Defendant admits that Plaintiff sent a demand letter through counsel on June 12, 2023 and the document speaks for itself so that no response is required.  The remaining allegations in Paragraph 78 assert legal conclusions for

1    which no response is required.   To the extent any response may be deemed required and except

2    as expressly admitted, Defendant denies generally and specifically each and every allegation in

3    Paragraph 78.

4         79.    In response to Paragraph 79 of the SAC, Defendant admits that Plaintiff sent a

5    demand letter through counsel on June 12, 2023 and the document speaks for itself as to the

6    demands it contains.  To the extent any response may be deemed required and except as expressly

7    admitted, Defendant denies generally and specifically each and every allegation in Paragraph 79.

8                              **Mr. Sloan Goes to the EEOC**

9         80.    In response to Paragraph 80 of the SAC, Defendant admits that Plaintiff submitted

10   a complaint to the EEOC and that complaint speaks for itself.  Except as expressly admitted,

11   Defendant denies each and every allegation in Paragraph 80.

12        81.    In response to Paragraph 81 of the SAC, Defendant admits that it erroneously

13   overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he

14   received because it was unearned compensation to which he was not entitled.  Defendant notified

15   Plaintiff of his obligation to repay the unearned overpayment multiple times, including on April

16   7, 2023, April 13, 2023, and in multiple communications between the parties' counsel that

17   include an email from Defendant's then-counsel to Plaintiff's then-counsel on December 20,

18   2023.  The December 20, 2023 email, including the demand and instructions therein, speaks for

19   itself such that no response is required.  To the extent any response may be deemed required and

20   except as expressly admitted, Defendant denies each and every allegation in Paragraph 81.

21        82.    Paragraph 82 of the SAC refers to Plaintiff's Arbitration Agreement for U.S.

22   Employees, which speaks for itself such that no response is required.  To the extent any response

23   may be deemed required, and except as expressly admitted, Defendant denies, generally and

24   specifically, each and every allegation contained in Paragraph 82.

25        83.    In response to Paragraph 83 of the SAC, the allegations contained therein assert

26   legal conclusions for which no response is required.  To the extent any response may be deemed

27   required, Defendant denies generally and specifically each and every allegation in Paragraph 83.

28   \\\

84.    In response to Paragraph 84 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Defendant notified Plaintiff of his obligation to repay the unearned overpayment multiple times, including on April 7, 2023, April 13, 2023, and in multiple communications between the parties' counsel that include an email from Defendant's then-counsel to Plaintiff's then-counsel on February 1, 2024. The February 1, 2024 email, including the demands therein, speaks for itself such that no response is required.  To the extent any response may be deemed required and except as expressly admitted, Defendant denies each and every allegation in Paragraph 84.

85.    In response to Paragraph 85 of the SAC, Defendant admits that it participated in a mediation with Plaintiff in connection with Plaintiff's EEOC complaint.

86.    In response to Paragraph 86 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Defendant notified Plaintiff of his obligation to repay the unearned overpayment multiple times, including on April 7, 2023, April 13, 2023, and again on December 20, 2023 and February 1, 2024.  The Position Statement, including exhibits attached thereto, that Defendant submitted to the EEOC speaks for itself such that no response is required.  To the extent any response may be deemed required and except as expressly admitted, Defendant denies each and every allegation in Paragraph 86.

87.    In response to Paragraph 87 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 87.

88.    In response to Paragraph 88 of the SAC, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88, and on that basis, Defendant denies generally and specifically each and every allegation.

89.    In response to Paragraph 89 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he

received because it was unearned compensation to which he was not entitled.  Defendant notified Plaintiff of his obligation to repay the unearned overpayment multiple times, including on April 7, 2023, April 13, 2023, and in multiple communications between the parties' counsel.  Defendant also admits that the Google Overpayments Team emailed Plaintiff on August 5, 2024 and those emails speak for themselves.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 89.

90.     In response to Paragraph 90 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 90.

91.     In response to Paragraph 91 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 91.

92.     Defendant denies generally and specifically each and every allegation in Paragraph 92.

93.     In response to Paragraph 93 of the SAC, Defendant admits that Plaintiff received an email from Jeanette Cook on February 14, 2023 and that email speaks for itself.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 93.

94.     Defendant denies generally and specifically each and every allegation in Paragraph 94.

**FIRST CAUSE OF ACTION**

**<u>Retaliation in Breach of Contract</u>**

95.     In response to Paragraph 95 of the SAC, Defendant hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

96.     In response to the first sentence in Paragraph 96 of the SAC, the allegations contained therein concerning the formation of a contract assert legal characterizations and

conclusions for which no response is required.  To the extent any response may be deemed required for that sentence, Defendant denies generally and specifically each and every allegation in Paragraph 96.  As to the remaining allegations, Defendant denies generally and specifically each and every allegation in Paragraph 96.

97.    Paragraph 97 of the SAC refers to Plaintiff's Arbitration Agreement for U.S. Employees, which speaks for itself such that no response is required.  To the extent any response may be deemed required and except as expressly admitted, Defendant denies each and every allegation in Paragraph 97.

98.    Defendant denies generally and specifically each and every allegation in Paragraph 98.

99.    Paragraph 99 of the SAC refers to Plaintiff's Arbitration Agreement for U.S. Employees, which speaks for itself such that no response is required.  To the extent any response may be deemed required, and except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 99.

100.    Defendant denies generally and specifically each and every allegation in Paragraph 100.

101.    Defendant lacks sufficient knowledge and information to admit or deny the allegations in the first and third sentences of Paragraph 101, and on that basis, Defendant denies generally and specifically each and every allegation.  Defendant otherwise denies generally and specifically each and every allegation in Paragraph 101.

102.    In response to Paragraph 102 of the SAC, the allegations contained therein assert legal characterizations and conclusions for which no response is required.  To the extent any response may be deemed required, Defendant denies generally and specifically each and every allegation in Paragraph 102.

103.    Defendant denies generally and specifically each and every allegation in Paragraph 103.

104.    Defendant denies generally and specifically each and every allegation in Paragraph 104.

## SECOND CAUSE OF ACTION

### Retaliation in Violation of Title VII

### (42 U.S.C. § 2000e-3(a))

105.    In response to Paragraph 105 of the SAC, Defendant hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

106.    In response to Paragraph 106 of the SAC, the allegations contained therein assert legal characterizations and conclusions for which no response is required.  To the extent any response may be deemed required, Defendant denies generally and specifically each and every allegation in Paragraph 106.

107.    In response to Paragraph 107 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Defendant notified Plaintiff of his obligation to repay the unearned overpayment multiple times, including on April 7, 2023, April 13, 2023, in communications between the parties' counsel, and before it received Plaintiff's EEOC complaint.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 107.

108.    In response to Paragraph 108 of the SAC, the allegations contained therein assert legal characterizations and conclusions for which no response is required.  To the extent any response may be deemed required, Defendant denies generally and specifically each and every allegation in Paragraph 108.

109.    In response to Paragraph 109 of the SAC, Defendant avers that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Defendant denies generally and specifically each and every allegation in Paragraph 109.

110.    In response to Paragraph 110 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Defendant notified Plaintiff of his obligation to repay the unearned overpayment multiple times, including before it

received Plaintiff's complaint in this action.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 110.

111.    In response to Paragraph 111 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Defendant admits that the Google Overpayments team sent Plaintiff an email on January 31, 2025 and that email speaks for itself such that no response required.  To the extent any response may be deemed required and except as expressly admitted, Defendant denies each and every allegation in Paragraph 111.

112.    In response to Paragraph 112 of the SAC, Defendant admits that it erroneously overpaid Plaintiff in the amount of $183,240.21, which Plaintiff repaid the net overpayment he received because it was unearned compensation to which he was not entitled.  Except as expressly admitted, Defendant denies each and every allegation in Paragraph 112.

113.    Paragraph 113 of the SAC refers to Plaintiff's Arbitration Agreement for U.S. Employees, which speaks for itself such that no response is required.  To the extent any response may be deemed required and except as expressly admitted, Defendant denies generally and specifically each and every allegation in Paragraph 113.

114.    Defendant denies generally and specifically each and every allegation in Paragraph 114.

115.    Defendant denies generally and specifically each and every allegation in Paragraph 115.

## THIRD CAUSE OF ACTION

## ADA Associational Discrimination

## (42 U.S.C. § 12112(b)(4))

116.    In response to Paragraph 116 of the SAC, Defendant hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

117.    In response to Paragraph 117 of the SAC, the allegations contained therein assert legal characterizations and conclusions for which no response is required.  To the extent any

1    response may be deemed required, Defendant denies generally and specifically each and every

2    allegation in Paragraph 117.

3         118.    In response to Paragraph 118 of the SAC, the allegations contained therein assert

4    legal characterizations and conclusions for which no response is required.  To the extent any

5    response may be deemed required, Defendant denies generally and specifically each and every

6    allegation in Paragraph 118.

7         119.    In response to Paragraph 119 of the SAC, the allegations contained therein assert

8    legal characterizations and conclusions for which no response is required.  To the extent any

9    response may be deemed required, Defendant denies generally and specifically each and every

10   allegation in Paragraph 119.

11        120.    In response to Paragraph 120 of the SAC, Defendant admits that its third party

12   leave administrator initially approved Plaintiff's request for Carer's leave and mistakenly denied

13   Plaintiff's request for FMLA leave, but the mistake was corrected, and Plaintiff's request for

14   FMLA leave was ultimately approved.  Except as expressly admitted, Defendant denies each and

15   every allegation in Paragraph 120.

16        121.    Defendant denies generally and specifically each and every allegation in Paragraph

17   121.

18        122.    Defendant denies generally and specifically each and every allegation in Paragraph

19   122.

20        123.    Defendant denies generally and specifically each and every allegation in Paragraph

21   123.

22        124.    Defendant denies generally and specifically each and every allegation in Paragraph

23   124.

24        125.    Defendant denies generally and specifically each and every allegation in Paragraph

25   125.

26                         **<u>PRAYER FOR RELIEF</u>**

27        The first, un-numbered paragraph under the Prayer for Relief is not a factual allegation

28   that requires a response.  To the extent any response is required, Defendant denies that Plaintiff is

1    entitled to any relief.

2        A.    Defendant denies generally and specifically each and every allegation in Paragraph

3    A of the Prayer for Relief, and further denies that Plaintiff is entitled to any form of relief.

4        B.    Defendant denies generally and specifically each and every allegation in Paragraph

5    B of the Prayer for Relief, and further denies that Plaintiff is entitled to any form of relief.

6        C.    Defendant denies generally and specifically each and every allegation in Paragraph

7    C of the Prayer for Relief, and further denies that Plaintiff is entitled to any form of relief.

8        D.    Defendant denies generally and specifically each and every allegation in Paragraph

9    D of the Prayer for Relief, and further denies that Plaintiff is entitled to any form of relief.

10        E.    Defendant denies generally and specifically each and every allegation in Paragraph

11    E of the Prayer for Relief, and further denies that Plaintiff is entitled to any form of relief.

12        F.    Defendant denies generally and specifically each and every allegation in Paragraph

13    F of the Prayer for Relief, and further denies that Plaintiff is entitled to any form of relief.

14        G.    Defendant denies generally and specifically each and every allegation in Paragraph

15    G of the Prayer for Relief, and further denies that Plaintiff is entitled to any form of relief.

16        The second, un-numbered paragraph under the Prayer for Relief is not a factual allegation

17    that requires a response.  To the extent any response is required, Defendant denies that Plaintiff is

18    entitled to any relief.

19        In response to the un-numbered headings in the SAC, Defendant denies generally and

20    specifically each and every heading.

21        To the extent not expressly admitted, Defendant denies each and every allegation in

22    Plaintiff's SAC.

23    \\\

24    \\\

25    \\\

26    \\\

27    \\\

28    \\\

## **AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's SAC, Defendant asserts the following affirmative and other defenses without admitting that Plaintiff has any right whatsoever to the relief requested. Defendant reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery and factual developments in this case. Nothing stated herein constitutes a concession as to whether or not Plaintiff or Defendant bears the burden of proof on any issue.

## **FIRST DEFENSE**

### (Failure to State a Claim)

The SAC, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## **SECOND DEFENSE**

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## **THIRD DEFENSE**

### (Avoidable Consequences)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to avoid harm that he could have avoided with reasonable effort. Defendant at all material times took reasonable steps to prevent and correct the conduct alleged in the SAC, but Plaintiff failed to use the preventive and corrective measures that Defendant provided. Reasonable use of Defendant's procedures would have prevented at least some of the harm that was allegedly suffered, if any.

## **FOURTH DEFENSE**

### (Laches, Estoppel, and Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or unclean hands.

## **FIFTH DEFENSE**

### (Lack of Causation)

The SAC and each purported cause of action set forth therein are barred to the extent that

1    Plaintiff has not suffered any damages as a result of any acts or omissions by Defendant.

2    **SIXTH DEFENSE**

3    (Waiver, Release, and/or Acquiescence)

4    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, and/or

5    acquiescence.

6    **SEVENTH DEFENSE**

7    (Legitimate Business Interest)

8    The SAC and each purported cause of action set forth therein are barred because the acts

9    about which Plaintiff complains were undertaken in the ordinary course of business for legitimate

10   business purposes that were not discriminatory or otherwise illegal.

11   **EIGHTH DEFENSE**

12   (No Disability)

13   The SAC and each purported cause of action set forth therein are barred because Plaintiff

14   does not allege that he or anyone he is associated with suffers from a medical condition that

15   qualifies as a disability under the ADA.

16   **NINTH DEFENSE**

17   (Not A Substantial Motivating Factor)

18   The SAC and each purported cause of action set forth therein are barred because his

19   mother's alleged medical condition was not a substantial motivating factor for any of Defendant's

20   conduct or decisions concerning Plaintiff's employment.

21   **TENTH DEFENSE**

22   (No Discriminatory Motive)

23   Defendant's employment decisions regarding Plaintiff were undertaken in good faith and

24   for legitimate non-discriminatory reasons, which it would have taken irrespective of Plaintiff's

25   allegedly protected status or conduct.

26   **ELEVENTH DEFENSE**

27   (Failure to Exhaust Administrative Remedies)

28   The SAC and each purported cause of action set forth therein are barred to the extent

1  Plaintiff failed to exhaust his administrative remedies, and to the extent Plaintiff's causes of

2  action exceed the scope of charges he filed, if any.

3  **TWELFTH DEFENSE**

4  (Set Off)

5  Any recovery sought in the SAC and each and every cause of action alleged therein, to

6  which Plaintiff might otherwise allegedly be entitled, which Defendant denies, must be offset by

7  any wages and/or monies and/or benefits that Plaintiff has received and/or will receive, whether

8  through employment, disability insurance, unemployment insurance, workers' compensation, or

9  otherwise.

10  **THIRTEENTH DEFENSE**

11  (No Unlawful, Malicious, Oppressive or Fraudulent Conduct)

12  Defendant avers that it has not engaged in unlawful intentional discrimination with respect

13  to Plaintiff, did not engage in any malicious, oppressive or fraudulent discriminatory practice with

14  regard to Plaintiff's legally protected rights, and therefore cannot be liable for punitive damages.

15  Further, Defendant has made good faith efforts to prevent discrimination in the workplace.

16  **FOURTEENTH DEFENSE**

17  (No Basis For Punitive Damages)

18  All of Defendant's actions with regard to Plaintiff were conducted in good faith and

19  without fraud, oppression or malice towards Plaintiff and his rights, thereby precluding any and

20  all claims of special, exemplary, or punitive damages.

21  **FIFTEENTH DEFENSE**

22  (Unconstitutionality Of Punitive Damages)

23  The punitive damages provisions of the ADA and Title VII violate the Due Process and

24  Excessive Fines Clauses of the United States to the extent that the standards of liability under

25  those statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and

26  capricious punishment that serves no legitimate governmental interest.

27  \\\

28  \\\

**SIXTEENTH DEFENSE**

(Performance of Duties)

The SAC, and each cause of action alleged therein, is barred, in whole or in part, because Defendant fully performed, was prevented from performing, or was excused from performing, all contractual, statutory, and other duties owed to Plaintiff.

**SEVENTEENTH DEFENSE**

(Failure to Perform Conditions)

The SAC, and each cause of action alleged therein, is barred, because Plaintiff failed to perform conditions required of him under any alleged agreement.

**EIGHTEENTH DEFENSE**

(Negligent Performance)

Plaintiff is not entitled to recover under any alleged contract because of Plaintiff's failure to competently perform his duties under any alleged contract.

**NINETEENTH DEFENSE**

(Failure of Consideration)

The SAC, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to adequately deliver the performance that served as consideration for any alleged contract.

**TWENTIETH DEFENSE**

(Bad Faith)

The SAC, and each cause of action alleged therein, is barred, in whole or in part, because it is brought by Plaintiff in bad faith and is frivolous.

**RESERVATION OF RIGHTS**

The defenses asserted above are based on Defendant's knowledge, information, and belief at this time. Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert, amend, supplement and/or rely on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to disclaim affirmative defenses that they

1    determine are not applicable during the course of subsequent discovery.

2

3    Dated: October 6, 2025                              JONES DAY

4

5    By: _____
                                                              Liat L. Yamini

6

7    Attorneys for Defendant
      VERILY LIFE SCIENCES LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO SAC