1  Robert W. Ottinger (SBN 156825)
   Melanie L. Proctor (SBN 228971)
2  **THE OTTINGER FIRM, P.C.**
   2108 N Street, Suite N
3  Sacramento, CA 95816
   Tel: 415-262-0096
4  Fax: 212-571-0505
   robert@ottingerlaw.com
5  melanie@ottingerlaw.com

6  *Attorneys for Plaintiff*
   RYAN SLOAN
7
   **JONES DAY**
8  Liat Yamini (SBN 251238)
   lyamini@jonesday.com
9  Niyyah Barber (SBN 350337)
   niyyahbarber@jonesday.com
10 555 South Flower Street, Fiftieth Floor
   Los Angeles, California 90071
11 Tel: 213-489-3939
   Fax: 213-243-2539
12
   Lauren E. Dutkiewicz (SBN 329017)
13 ldutkiewicz@jonesday.com
   161 Michelson Drive, Suite 800
14 Irvine, California 92612.4408
   Telephone: +1.949.851.3939
15 Facsimile: +1.949.553.7539

16 *Attorneys for Defendant*
   VERILY LIFE SCIENCES LLC
17

18                **UNITED STATES DISTRICT COURT**

19            **NORTHERN DISTRICT OF CALIFORNIA**

20                **SAN FRANCISCO DIVISION**

21

22 RYAN SLOAN,                              | **Civil Action No.: 24-cv-07516-EMC**

23        Plaintiff,                        | **JOINT CASE MANAGEMENT STATEMENT**

24        vs.                               | Date: November 4, 2025
                                              Time: 2:30 PM
25 VERILY LIFE SCIENCES LLC, a Delaware     | Ctrm: 5, 17th Floor – via Zoom
   Limited liability company,
26                                          | HON. EDWARD M. CHEN
          Defendant.
27

28

                                    1

Pursuant to Civil Local Rules 16-9 and 16-10(d), Plaintiff Ryan Sloan and Defendant Verily Life Sciences LLC ("Verily") hereby submit this joint case management statement:

**a. Jurisdiction and Service**

The Court previously ruled that jurisdiction and venue are proper. All parties have been served.

**b. Facts**

Plaintiff's Statement:

Plaintiff initiated this action on or about October 29, 2024, alleging that Defendant retaliated against him for reporting and opposing breaches of federal law. Plaintiff alleges that after he opposed Defendant's practices, Defendant retaliated against him. Contrary to Defendant's assertions, Plaintiff raised this retaliation to the Equal Employment Opportunity Commission in July 2023, although EEOC did not have jurisdiction over the claim. Nonetheless, his charge to the EEOC includes the allegation, and Defendant addressed the allegation in a footnote. Accordingly, Defendant's assertion that he only raised the claim two years after first initiating claims against it is false. Plaintiff alleges that Defendant also discriminated against him based *on his association with his disabled elderly mother*, for whom he had sole power of attorney and responsibility to provide care, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112 through 12117. Plaintiff further alleges that after he filed an administrative charge with the Equal Employment Opportunity Commission, Defendant retaliated against him by demanding repayment of an earned bonus while ignoring disputed bonus payments to three employees who did not file a charge with EEOC, subjected him to double taxation in 2023, and falsely claimed to the EEOC and this court that he owed $63,040.21 more than the gross amount he was paid. Plaintiff disputes Verily's characterization of the bonus payment. Plaintiff filed a Second Amended Complaint on May 22, 2025, asserting three causes of action: (1) retaliation in breach of contract, (2) retaliation in violation of Title VII, and (3) associational disability discrimination. Verily moved to dismiss the first cause of action or in the alternative, compel arbitration.

On March 31, 2023, Verily paid Plaintiff a gross bonus of $183,273, representing the third installment of his target bonus earned for 2022. After withholdings, Plaintiff netted $120,208.97. On April 13, 2023, Verily disputed Plaintiff's bonus payment but did not provide repayment information. On

December 31, 2023, Verily reclassified that $120,208.97 as the gross/taxable amount, causing a second taxation on the bonus. Plaintiff had to pay $46,378.02 in additional taxes as a result of Verily's improper reclassification of his earned bonus. Verily retained $63,040.21 in taxes and withholdings from the original payment and did not remit to the IRS in 2023. In 2024 and 2025, Verily demanded that Plaintiff send a check to Verily Chief People Officer Kerrie Peraino for $183,240.21 and claimed to the EEOC that amount was owed, notwithstanding the facts that Verily already retained $63,040.21 from the initial payment, that Plaintiff had been taxed an additional $46,378.02, that the bonus was earned and contractually promised, and that in any event, there is no clawback provision in Plaintiff's contract. Verily demanded an inflated amount from Plaintiff until issuing a "clarification" letter in February 2025, one week prior to filing arbitration. Plaintiff repaid the correct gross amount under duress.

Verily did not dispute Plaintiff's allegation that he reported HIPAA breaches until the Court noted in ruling on Verily's motion to dismiss or compel arbitration that it had never disputed Plaintiff's allegations. Its new position is at odds with its own argument to seal Plaintiff's Second Amended Complaint. Then, Verily argued that the SAC discussed an internal investigation into his allegations. Dkt. 52, pp. 4–5 ("The SAC reveals information from an internal investigation conducted solely by Verily's legal department to assess '(1) whether [Verily's] existing business contracts allowed it to use certain data for research publication; and (2) whether [Verily] could expand data usage rights under its business associate agreements, and what additional data rights should be requested."). Accordingly, Verily's statement denying the allegations—which is also reflected in its bad-faith responses to Plaintiff's discovery requests—is contrary to its own pleadings to this Court.

Verily's Statement:

Verily denies Plaintiff's allegations. Verily did not retaliate against Plaintiff or discriminate against him. Verily lawfully terminated Plaintiff's employment as part of a company-wide reduction-in-force. Verily has no evidence that Plaintiff ever reported any breaches of HIPAA prior to suing Verily. Moreover, to date, Verily does not have any evidence of a HIPAA breach. Plaintiff's assertion that this denial is in "bad faith" is based on a logical fallacy. Plaintiff assumes that, if there was an investigation, then it could only have stemmed from *his* reports. This is neither logically correct nor factually accurate

JOINT CASE MANAGEMENT STATEMENT

in this case.  Again, Verily has no evidence that *Plaintiff* reported any breaches.  Plaintiff instead seeks to attach himself to an investigation he was made aware of.  His lack of reporting is belied by the fact that he raised his HIPAA theory for the first time eighteen months after initiating claims against Verily.  He raised this theory only after his original allegations, that Verily terminated him for requesting leave, were proven to be temporally impossible given the actual timing of relevant events.  Given that Plaintiff's lack of whistleblowing activity is a factual issue, Verily of course did not raise that issue in its Motion to Dismiss.

Additionally, Verily did not discriminate against Plaintiff based on his association with his mother, and provided Plaintiff Carer's and FMLA leave.  Indeed, Verily further accommodated Plaintiff by delaying the start of his reduction-in-force notice period until the end of his approved leave.  Finally, Verily lawfully requested repayment of an inadvertent duplicate payment of Plaintiff's sales incentive compensation prior to Plaintiff filing an administrative charge with the Equal Employment Opportunity Commission, and Plaintiff refused to repay the amount owed to Verily.  Verily sought repayment from all individuals who received duplicate payments.  In his timeline above, Plaintiff conveniently fails to mention that Verily notified him of the overpayment and requested repayment on April 13, 2023, *before* he filed an EEOC charge.  After Defendant initiated arbitration proceedings to recover the overpayment, Plaintiff repaid the net amount he received.

### c. Legal Issues

Plaintiff's Statement:

Plaintiff contends that Verily breached its contract with him when it terminated his employment in retaliation for his reports of violations of the HIPAA Business Associate agreements. He also asserts violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a) and the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(4).

Defendant's Statement:

Verily denies Plaintiff's allegations and that he can prove any of his causes of action.

JOINT CASE MANAGEMENT STATEMENT

**d. Motions**

<u>Plaintiff's Statement:</u>

Because Verily has failed thus far to provide good faith discovery responses, Plaintiff anticipates discovery motion practice. Plaintiff anticipates filing a motion for summary adjudication or summary judgment, following the proposed schedule set forth below.

<u>Verily's Statement:</u>

Verily anticipates filing a motion for summary judgment, following the time limits set forth in Rule 56 of the Federal Rules of Civil Procedure.  Verily further reserves the right to file discovery and other motions as necessary.

**e. Any expected or desired amendment of pleadings**

Plaintiff filed a First Amended Complaint on December 18, 2024 and a Second Amended Complaint on June 17, 2025.  Plaintiff does not intend to further amend his complaint.

**f. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties are negotiating an eDiscovery protocol, as well as a protective order.

**g. Disclosures**

The parties have exchanged initial disclosures, providing names of known witnesses and lists of document on whom or which they will rely. Plaintiff's amended initial disclosures include an estimate of his damages.

**h. Discovery**

*1. Any changes to the timing, form, or requirement for disclosures under Rule 26(a).*

No.  The parties have exchanged initial disclosures.

*2. Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be phased or limited to or focused upon particular issues.*

The parties will take discovery on the causes of actions and defenses in the parties' pleadings.

JOINT CASE MANAGEMENT STATEMENT

Both parties have propounded requests for production and interrogatories. The parties propose completion of fact discovery on May 21, 2026, or as set by the Court. Verily reserves the right to seek phasing or limitations. Plaintiff does not believe phasing or limitation are appropriate.

> **3. What changes, if any, should be made in the limitation on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed.**

None at this time.

> **4. The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).**

Plaintiff proposes that expert witnesses should be disclosed after resolution of any dispositive motions, because the Court's decision on any such motions may inform the scope and necessity of expert testimony. Verily believes expert witnesses should be disclosed at the close of non-expert discovery, as set forth in the Court's "Guidelines re Calculation of Trial Time Line."

### i. Related cases

There is a pending arbitration that Verily initiated to recoup the duplicate overpayment of Plaintiff's sales incentive compensation.

Plaintiff asserts that the pending arbitration is moot, as set forth in his Second Amended Complaint.

### j. Relief

Plaintiff's current calculation of monetary damages is set forth below:

    Economic damages: $5,556,515.00

    Compensatory damages: $300,000

    Punitive damages: Multiplier to be set by jury or court

    Attorney fees and costs: $231,435 to date

Verily denies that Plaintiff is entitled to any damages.

### k. Whether a settlement conference should be scheduled

The parties are amenable to early mediation.

### l. Other References

JOINT CASE MANAGEMENT STATEMENT

None.

**m. Narrowing of Issues**

The parties agree the motion practice to date has already narrowed the issues to be presented.

**n. Scheduling**

**Plaintiff's Proposed Schedule**

Plaintiff does not believe that expert discovery would be beneficial or necessary prior to dispositive motions being heard; accordingly, Plaintiff proposes only engaging in expert discovery after the Court hears any dispositive motions.

| | |
|---|---|
| Fact Discovery Closes | 6/21/2026 |
| Dispositive Motions Due | 8/13/2026 |
| Dispositive Motions Heard | 9/17/2026 |
| Expert Witness Disclosures | 10/20/2026 |
| Expert Witness Rebuttal Disclosures | 11/19/2026 |
| Expert Discovery Cut Off | 12/15/2026 |
| Trial | 1/18/2027 |

**Verily's Proposed Schedule**

| | |
|---|---|
| Fact Discovery Closes | 5/21/2026 |
| Expert Witness Disclosures | 5/21/2026 |
| Expert Witness Rebuttal Disclosures | 6/11/2026 |
| Expert Discovery Cut Off | 7/2/2026 |
| Dispositive Motions Due | 7/23/2026 |
| Dispositive Motions Heard | 9/17/2026 |
| Trial | 1/18/2027 |

**o. Trial**

Plaintiff has requested a jury.

Plaintiff believes a trial would take 7 court days.

Verily believes a trial would take 5 court days.

**p. Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed his certification of interested entities or persons.

Plaintiff believes that Alphabet, Inc. may have a financial interest in the litigation.

JOINT CASE MANAGEMENT STATEMENT

1

**q.  Professional Conduct**

2      All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for

3  the Northern District of California.

4      **r.  Other Matters:**

5      None.

6

7

8

9  Dated: October 28, 2025                    THE OTTINGER FIRM, P.C.

10

11

12                                        By: /s/Melanie L. Proctor____

13                                           MELANIE L. PROCTOR[1]

14                                              *Attorneys for Plaintiff*
                                             RYAN SLOAN
15

16

17                                        JONES DAY

18

19                                        By: /s/Liat Yamini
                                             LIAT YAMINI
20

21                                           *Attorneys for Defendant*
                                          VERILY LIFE SCIENCES LLC
22

23

24

25

26

27

28  [1] I, Melanie L. Proctor, hereby attest that I obtained the concurrence of all signatories whose signatures are represented by a conformed /s/ in the filing of this document.

JOINT CASE MANAGEMENT STATEMENT